ALLSTATE INSURANCE COMPANY v GOLDWATER

Docket No. 92258. Submitted May 11, 1987, at Detroit. Decided August 5, 1987.

Ronald Goldwater and Robbie Buchte, both minors, collided while riding their off-road motorcycles in a farmer's field near the subdivision where they lived. Allstate Insurance Company, Goldwater's parents' homeowner's insurer, brought an action for declaratory judgment in Wayne Circuit Court, seeking a determination as to its duty to defendant Goldwater and his father in an action brought by Buchte and his mother, who alleged negligent operation of the motorcycle by Goldwater and negligent entrustment of the motorcycle by Goldwater's father. Both plaintiff and defendants, the Goldwaters and the Buchtes, filed motions for summary disposition. The trial court, John H. Gillis, Jr., J., granted summary disposition in defendants' favor, ruling that the family liability protection provision of the policy was ambiguous and must be construed against plaintiff. Plaintiff appealed.

The Court of Appeals *held:*

The language of the policy, which initially appears to be confusing, clearly and unambiguously provides that coverage does not obtain for bodily injury or property damage arising out of the use of an off-road motorized vehicle owned by the insured and used away from the premises of the insured's residence. Accordingly, plaintiff, and not defendants, is entitled to summary disposition.

Reversed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATE-
    RIAL FACT — COURT RULES.

The test to determine whether summary disposition should be granted on the ground that no genuine issues of material fact exist is whether the record which might be developed, giving

REFERENCES

Am Jur 2d, Insurance §§ 269 *et seq.*

Am Jur 2d, Motions, Rules, and Orders §§ 22 *et seq.*

Am Jur 2d, Summary Judgment §§ 5, 26 *et seq.*

See also the annotations in the Index to Annotations under Insurance and Motions.

the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ; to grant such a motion, a court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome (MCR 2.116[C][10]).

2. INSURANCE — JUDICIAL CONSTRUCTION — AMBIGUITY.

A contract of insurance, however inartfully worded or clumsily arranged, which fairly admits of but one interpretation may not be said to be ambiguous and should be given effect.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James C. Rabaut* and *Rosalind Rochkind*), for plaintiff.

*Felix S. Kubik,* for defendants Goldwater.

Before: D. F. WALSH, P.J., and SHEPHERD and DOCTOROFF, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendants' motion for summary disposition. We reverse and order summary disposition in favor of plaintiff.

On June 16, 1984, minors Ronald Goldwater and Robbie Buchte collided on their dirt bikes while riding in a farmer's field near the subdivision where they lived. The Buchtes sued Goldwater for negligent operation of the motor bike and sued his father on a negligent entrustment theory. Plaintiff, the Goldwaters' insurer, undertook their defense while reserving its rights under the policy.

Plaintiff filed this action seeking a declaratory judgment on its duty to defend and indemnify the Goldwaters. Both plaintiff and defendants filed motions for summary disposition. Plaintiff's motion, brought pursuant to MCR 2.116(C)(10), was initially granted by the judge, who ruled that the subject accident was not covered by the policy.

On rehearing, the judge reversed his decision,

ruling that the exclusionary clause in the Goldwaters' insurance policy was confusing and should be construed against plaintiff.

Summary disposition under MCR 2.116(C)(10) should not be granted if a genuine issue exists as to any material fact. A trial court, when ruling on the motion, must determine whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973). To grant summary disposition, the court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Tidwell v Dasher,* 152 Mich App 379, 383; 393 NW2d 644 (1986).

The Goldwaters' homeowner's insurance policy includes family liability protection, yet the portion relevant to this action, Paragraph 5, provides in pertinent part:

> We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:
>
> (a) a motorized land vehicle in dead storage or used exclusively on the residence premises;
>
> (b) any motorized land vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from the residence premises;
> . . . . [Emphasis in original.]

If a contract, though inartfully worded or clumsily arranged, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear. *Raska v Farm Bureau Mutual Ins Co of*

*Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982). If the terms of the policy are plain and unambiguous, their plain meaning should be given effect. *Michigan Mutual Ins Co v Sunstrum,* 111 Mich App 98, 102; 315 NW2d 154 (1981), lv den 414 Mich 890 (1982); *Murphy v Seed-Roberts Agency, Inc,* 79 Mich App 1, 7-8; 261 NW2d 198 (1977). Although the language of Paragraph 5 may initially appear confusing, we do not find it to be ambiguous; it clearly excludes coverage for an accident involving a motorized land vehicle designed for recreational use off public roads, owned by an insured, that occurred away from the residence premises.

Since plaintiff has no duty to defend the claim against Ronald Goldwater for negligent use of the dirt bike, it has no duty to defend his father on the claim of negligent entrustment. *Michigan Mutual, supra* at 105.

We do not address the other issue plaintiff raises, as issues unnecessary to the disposition of an appeal need not be considered by the reviewing court. *Parsonson v Construction Equipment Co,* 18 Mich App 87, 90; 170 NW2d 479 (1969), aff'd 386 Mich 61; 191 NW2d 465 (1971).

Accordingly, we reverse the trial court's order granting defendants' motion for summary disposition and order summary disposition in favor of plaintiff.