PER CURIAM.
The final declaratory decree under review is affirmed upon a holding that the accident sued upon is not covered by the subject homeowner’s insurance policy which, without dispute, does not cover accidents involving motor vehicles owned by the insured when the accident occurs off the insured’s “resident premises.” We reach this result because (a) it was conceded below that the Honda ATC involved in the subject accident was owned by the insured Brandi Richardson, there being no dispute that it was a gift from her nonin-sured, nonresident father; (b) the accident sued upon in the instant case occurred on an empty lot, not owned by the insured, across the street from the insured’s home, and, therefore, did not occur on the insured’s “resident premises” as defined by the policy inter alia: “any premises used by you in connection with [insured’s home]”; and (c) a contrary result would mean, as noted by the trial court, that any non-owned empty lot regularly used by an insured to ride her motor vehicle, including lots located many blocks from the insured’s home, would be considered “resident premises” under the policy — clearly an absurd interpretation. See, e.g., James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla.1953); Fernandez v. United States Fidelity & Guarantee Co., 308 So.2d 49 (Fla. 3d DCA 1975).
Affirmed.