573 So.2d 47 (1990)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Jerry SHOFNER and Margaret Shofner, Appellees.
No. 90-1513.
District Court of Appeal of Florida, First District.
December 19, 1990.
*48 Michael D. Hook, of Moore, Hill & Westmoreland, P.A., Pensacola, for appellant.
Thurston A. Shell, of Shell, Fleming, Davis & Menge, Pensacola, for appellees.
ZEHMER, Judge.
Allstate Insurance Company appeals a declaratory judgment determining that it is obligated to defend Jerry and Margaret Shofner in a suit for negligent entrustment of their all-terrain vehicle and to pay, up to the limits of coverage, any judgment against the Shofners arising from that suit.[1] We hold that the insurance policy at issue excludes the alleged negligent entrustment from coverage and reverse. The material facts are as follows.
The Shofners are owners of an all-terrain motor vehicle designed principally for recreational use off public roads. Their daughter Shelley allowed her 15-year-old friend Amy Hammond to operate it on a public street a block from the Shofners' residence. The act of entrusting the vehicle to Amy occurred on the Shofners' premises, but it was contemplated that Amy would operate the vehicle off the premises on the public street. While operating the vehicle on the street, Amy collided with a parked car and sustained injuries. Amy and her mother filed suit against the Shofners alleging negligent entrustment of the vehicle to Amy. The Shofners demanded that Allstate defend the suit and pay any resulting judgment entered against them pursuant to their Allstate homeowner's policy. Allstate filed this declaratory judgment action seeking a declaration from the court that the insurance policy expressly excluded such coverage.
Section II of the policy providing "Family Liability Protection" obligates Allstate to pay, up to the policy limits, "all sums arising *49 from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy." It likewise requires that, if the insureds are sued, Allstate "will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent." The policy then lists certain losses not covered under this section, including the following pertinent to the issues in this case:
Losses We Do Not Cover:
* * * * * *
5. We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:
* * * * * *
b) any motorized land vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from an insured premises;

(Emphasis added.)
The trial court entered a final judgment determining that Allstate is obligated under the policy to provide a defense to the suit and to pay any judgment up to the amount of coverage based on the following three findings, any one of which, the court stated, would support the final judgment:
6. The Court finds that although the mishap or injury to Amy Hammond occurred at a place other than the Shofner's [sic] residence, the "entrustment" occurred on or at the Shofner's [sic] residence.
7. A casual or even a close reading of the relevant terms of the Shofners' policy will not readily reveal the coverage provided. The Court finds at the very least that the relevant terms of the policy are ambiguous and convoluted.
8. The Shofner daughter, Shelley, who is an insured under the policy, did not own the vehicle but she did allow Amy Hammond to operate the vehicle. Even if both the parents, Jerry and Margaret Shofner, did own the vehicle, neither of them was involved in allowing Amy Hammond to operate it.
Allstate contends each of these findings was error.
We first consider the trial court's finding that the pertinent exclusionary terms of the policy at issue are ambiguous. Florida law is well settled that exclusionary clauses are construed more strictly than coverage clauses. Wallach v. Rosenberg, 527 So.2d 1386 (Fla. 3d DCA), rev. denied, 536 So.2d 246 (Fla. 1988). Exclusionary clauses that are ambiguous or otherwise susceptible of more than one meaning must be construed in favor of the insured. State Farm v. Pridgen, 498 So.2d 1245 (Fla. 1986). This general doctrine is tempered, however, by the rule of reason and the principle that even insurance policies must be given practical, sensible interpretations in accordance with the natural meaning of the words employed. Simmons v. Provident Mutual Life Ins. Co., 496 So.2d 243 (Fla. 3d DCA 1986). Obviously, the rule that ambiguities must be construed against the insurer applies only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to ordinary rules of construction; it does not allow courts to rewrite the contracts, add meaning that is not present, or otherwise reach results contrary to the manifest intention of the parties. Marriott Corp. v. Travelers Indem. Co., 473 So.2d 281 (Fla. 1st DCA 1985).
Applying these principles to the quoted policy provisions, we conclude that the exclusionary clause at issue is not ambiguous. We recognize that this policy language could have been, and perhaps should have been, more artfully and, thus, more clearly drafted. But Allstate's failure to state the exclusion in the clearest language possible does not render the language used "ambiguous." A slow, careful reading of the pertinent language reveals an unambiguous intent to exclude from coverage all bodily injury arising from the entrustment of a motorized land vehicle designed principally for recreational use off public roads *50 in those instances when such vehicle is owned by an insured person and is being used away from an insured premises. The obvious purpose of these provisions is to require the insureds under the policy to obtain specific liability insurance on such owned vehicles unless their use is limited to the insured premises. There is no apparent genuine inconsistency, uncertainty, or ambiguity in these terms.
Our construction of these provisions is supported by Allstate v. Goldwater, 415 N.W.2d 2 (Mich. App. 1987), the only case coming to our attention that has considered the same insurance policy language as that at issue in this case to determine whether it is ambiguous.[2] The facts in Goldwater are substantially similar to those of the instant case.[3] The Michigan court of appeals reversed a lower court ruling that this exclusionary language was "confusing" and should be construed against Allstate. The appellate court observed that while the language may initially appear confusing,
we do not find it to be ambiguous; it clearly excludes coverage for an accident involving a motorized land vehicle designed for recreational use off public roads, owned by an insured, that occurred away from the residence premises.
415 N.W.2d at 4. The court reversed with directions to enter judgment for Allstate. We likewise find these exclusionary terms unambiguous and reverse the trial court's ruling on this issue.
Allstate next challenges the trial court's finding that the exclusion did not apply to the subject accident because, although the accident occurred off the insured premises, the entrustment occurred on the insured premises. We do not accept this interpretation of the exclusion, as it is at odds with the clear language of the exclusion itself. The policy states that the exclusion applies where the "vehicle ... is being used away from an insured premises," not that coverage is dependent upon where the act of entrusting occurred. Here the vehicle was entrusted for use off of the insured premises, and the accident occurred while the vehicle was being so used. The trial court's finding that the entrustment occurred on the insured premises does not take the case out of the exclusion.[4]
Finally, Allstate challenges the trial court's ruling that the policy exclusion did not apply to the subject accident because Shelley Shofner, although an insured under the policy who allegedly negligently entrusted the vehicle, did not own the vehicle. Again, the trial court has misinterpreted the clear meaning of the policy. The exclusion does not purport to apply only if the insured who owns the motorized land vehicle is using it away from the insured premises; the exclusion applies if (1) an insured person owns the vehicle and (2) the vehicle is being used away from an insured premises. Here, (1) the named insureds, Jerry and Margaret Shofner, owned the vehicle and (2) it was being used away from the insured premises at the time of the accident giving rise to the damage claim. Thus, the trial court's ruling on this issue is error.
In conclusion, we hold on the facts of this case that the homeowner's policy at *51 issue excludes coverage for Shelley Shofner's alleged negligent entrustment of the all-terrain vehicle to Amy Hammond for her use away from the insured premises. This holding is consistent with Marchese v. Lititz Mutual Insurance Co., 524 So.2d 1155 (Fla. 3d DCA 1988), in which the third district found that a homeowner's policy excluded coverage for an accident involving an all-terrain vehicle owned by the insured because the accident occurred off of the insured's resident premises. Unfortunately, the Marchese opinion does not recite the exact policy language construed, but it is clear from that opinion that the policy language ("homeowner's insurance policy ... does not cover accidents involving motor vehicles owned by the insured when the accident occurs off the insured's `resident premises.'" (524 So.2d at 1155)) is at least very similar to the policy language at issue in the instant case. We distinguish Douglass v. Hartford Insurance Company, 602 F.2d 934 (10th Cir.1979), cited by appellees, in which the court construed a somewhat similar policy exclusion provision and found that the insurer had a duty to defend a negligent entrustment suit arising from the insured's alleged negligent entrustment of a mini-bike. The case is materially distinguishable because the court relied on the absence of specific language excluding coverage for the act of "entrustment." 602 F.2d at 935. Here, the policy contained that explicit language.
The appealed judgment is reversed, and the cause is remanded for entry of a judgment in accordance with this opinion.
REVERSED AND REMANDED.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] Neither party questions that Florida law recognizes a cause of action for negligent entrustment.
[2] The only difference in the policy language at issue in Goldwater and that at issue in the instant case is that paragraph 5 of the policy in Goldwater does not include the words "occupancy, renting, loaning, entrusting." Thus, if anything, the policy language in the case before us is even more specific than that in Goldwater.
[3] Ronald Goldwater and Robbie Buchte, both minors, collided while riding their dirt bikes in a field near the subdivision where they lived. The Buchtes sued Ronald for negligent operation of the motor bike and sued his father on a negligent entrustment theory. Allstate had issued the Goldwaters a homeowners policy and undertook to defend the Goldwaters while reserving the right to disclaim coverage under the policy. In the meantime, Allstate filed the declaratory judgment action to determine its legal duty to defend and indemnify the Goldwaters which resulted in the cited decision. (415 N.W.2d at 3).
[4] Our decision is necessarily restricted to the material facts on which it is based. We do not purport to determine whether the exclusion at issue would apply if the entrustment had extended only to on-premise use of the vehicle and the injury was sustained while the entrusted party was operating the vehicle off the insured premises in violation of the entrustment.