ALLSTATE INSURANCE COMPANY v CASTANIER

Docket No. 123204. Submitted November 6, 1991, at Lansing. Decided
May 21, 1992; approved for publication September 3, 1992, at
9:05 A.M. Leave to appeal denied, 441 Mich —.

Allstate Insurance Company brought an action in the Bay Circuit
Court against Gary A. Castanier, personal representative of the
estate of Gary M. Castanier, deceased, Thomas E. Bock, per-
sonal representative of the estate of Terry L. Thayer, Jr.,
deceased, Terry L. Thayer, Sr., Sandra Thayer, and others,
seeking a declaration that it was not liable under a homeown-
er's insurance policy covering the Thayers following a fatal
collision of the decedents' off-road vehicles on land not owned
by the Thayers. The court, William J. Caprathe, J., found
language in the insurance policy excluding coverage for acci-
dents involving motorized land vehicles designed for recre-
ational use off public roads and owned by an insured that
occurred away from the residence premises to be ambiguous
and construed it to provide coverage. The plaintiff appealed by
leave granted.

The Court of Appeals *held:*

The policy language is not ambiguous, and clearly excludes
coverage under the circumstances of this case. The court erred
in concluding that the various acts of negligence alleged
against Terry Thayer, Sr., were also not excluded from cover-
age. Coverage is not afforded where, as in this case, an in-
sured's claim for coverage is wholly derivative of another
insured's claim that is excluded under the policy. The court
erred in denying the plaintiff's motion for summary disposition.

Reversed.

1. INSURANCE — JUDICIAL CONSTRUCTION — AMBIGUITY.

A contract of insurance, although inartfully worded or clumsily
arranged, is not ambiguous or fatally unclear if it fairly admits
of but one interpretation.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 2, 3, 126, 229-232.
See the Index to Annotations under Automobile Insurance.

2. INSURANCE — WORDS AND PHRASES — "LAND MOTOR VEHICLE" —
   "MOTORIZED LAND VEHICLE".

   The plain meaning of the term "land motor vehicle" in an
   insurance policy is a vehicle with a motor that travels on land;
   there is no meaningful distinction between the terms "motor-
   ized land vehicle" and "land motor vehicle."

3. INSURANCE — EXCLUSIONS — DERIVATIVE CLAIMS.

   Coverage is not afforded under an insurance policy for a claim
   that is wholly derivative of another claim that is excluded
   under the policy.

*Collison & Collison, P.C.* (by *Joseph T. Collison*),
for the plaintiff.

*Patterson, Gruber, Kennedy, Gill & Milster* (by
*Brian M. Kennedy*), for Gary A. Castanier, per-
sonal representative of the estate of Gary M.
Castanier, deceased.

Before: MACKENZIE, P.J., and SULLIVAN and
G. S. ALLEN,* JJ.

PER CURIAM. In this declaratory judgment ac-
tion, plaintiff appeals by leave granted from an
order denying its motion for summary disposition
and granting partial summary disposition in favor
of defendants Castanier and Thayer. We reverse.

In January 1988, Gary Castanier and Terry
Thayer, Jr., were involved in a fatal collision of
their off-road vehicles on the banks of the Kawk-
awlin River. It is alleged that Thayer's father gave
him alcohol before the collision occurred and that
his father was aware that he was operating his
vehicle at night without headlights and at an
excessive rate of speed while intoxicated. A wrong-
ful death action was commenced on behalf of the
estate of Gary Castanier against the estate of

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

Terry Thayer, Jr., as well as his parents, Terry Thayer, Sr., and Sandra Thayer. Plaintiff is the Thayers' homeowners' insurer, and it is undisputed that Terry Thayer, Jr., was an insured under the policy.

Plaintiff contended that coverage was excluded under the following provision of the homeowners' policy:

> We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:
>
>          *   *   *
>
> b) any motorized land vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an insured person and is being used away from the residence premises.

The trial court found this provision to be ambiguous and thus construed it to provide coverage. Plaintiff claims that the court erred. We agree.

When the terms of an insurance policy are plain and unambiguous, their plain meaning should be given effect. *Allstate Ins Co v Goldwater,* 163 Mich App 646, 649; 415 NW2d 2 (1987). If a policy, though inartfully worded or clumsily arranged, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear. *Goldwater, supra,* p 648.

The quoted policy provision is identical to the provision at issue in *Goldwater.* We agree with the *Goldwater* Court that, while the provision's language "may initially appear confusing, [it is not] ambiguous; it clearly excludes coverage for an accident involving a motorized land vehicle designed for recreational use off public roads, owned

by an insured, that occurred away from the residence premises." *Goldwater, supra,* p 649. Contrary to defendants' argument, we attach little, if any, significance to the fact that *Goldwater* did not construe the policy term "motorized land vehicle." Our Supreme Court · recently concluded that the plain meaning of the term "land motor vehicle" is "a vehicle with a motor that travels on land." *Farm Bureau Mutual Ins Co v Stark,* 437 Mich 175, 182; 468 NW2d 498 (1991). We can find no meaningful distinction between the terms "motorized land vehicle" and "land motor vehicle." The inclusion of the term "motorized land vehicle" does not render the policy ambiguous. *Stark, supra.*

In this case, Castanier was fatally injured in an accident involving "a vehicle with a motor that travels on land," *Stark, supra,* designed for off-road recreational use, owned by an insured, away from the insured's residence. The contract clearly excludes coverage under these circumstances. *Goldwater, supra.* The trial court thus erred in denying plaintiff's motion for summary disposition.

We also disagree with the trial court's conclusion that the various acts of negligence alleged against defendant Terry Thayer, Sr., were not excluded from coverage. Coverage is not afforded where, as in this case, an insured's claim for coverage is wholly derivative of another insured's claim that is excluded under the policy. *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989). See also *State Farm Fire & Casualty Co v Huyghe,* 144 Mich App 341; 375 NW2d 442 (1985). Further, we decline to adopt the dual-causation theory advanced by defendants. See *Vanguard Ins Co v Clarke,* 438 Mich 463; 475 NW2d 48 (1991). The injuries resulting from the collision in this

case were excluded from coverage regardless of the label the allegations were given in the complaint.

Our disposition of these issues makes it unnecessary to address plaintiff's remaining claim. In any event, we note our agreement with plaintiff that the trial court erred in holding that material issues of fact existed regarding the policy's exclusion pertaining to criminal or intentional acts. Plaintiff was not required to show that Thayer intended to injure Castanier, but, rather, that a reasonable person would have expected an injury to occur. See *Freeman, supra,* p 688. We are satisfied that a reasonable person would have expected injury to result from driving an off-road vehicle at night without headlights at an excessive speed while intoxicated.

Reversed.