639 So.2d 63 (1994)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
METROPOLITAN DADE COUNTY and Leonard Elias, Appellees.
No. 94-81.
District Court of Appeal of Florida, Third District.
May 3, 1994.
Rehearing Denied June 19, 1994.
*64 Taylor, Day & Rio and Vincent J. Rio, III, and Charles M. Johnston, for appellant.
Robert A. Ginsburg, County Atty., Thomas Goldstein and Gerald K. Sanchez, Asst. County Attys., for Dade County.
William F. Merlin, Jr., for Florida Ass'n of Public Ins. Adjusters, Inc.
Tom Baker, Stuart H. Singer and Jeffrey A. Norman, for Nat. Ins. Consumer Organization, Inc., and United Policyholders, Inc.
Susan M. Popik, for United Services Auto. Ass'n.
Nancy A. Copperthwaite, for Nat. Ass'n of Independent Insurers and American Ins. Ass'n, as amicus curiae.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
PER CURIAM.
State Farm Fire and Casualty Company [State Farm] appeals an adverse final summary judgment in favor of Metropolitan Dade County and Leonard Elias, the Metropolitan Dade County Consumer Advocate [collectively "County"]. We reverse.
In the wake of Hurricane Andrew, the County is requiring many homeowners to make structural improvements to their houses to bring them into compliance with the South Florida Building Code.[1] In some cases they have to elevate the houses to conform to the County's Flood Elevation Requirements.[2] The County sued State Farm seeking a judgment declaring that State Farm's replacement-cost homeowners insurance policies provided coverage for the costs of code upgrades and home elevation alterations. State Farm asserted that it was not required to finance these improvements because they are specifically excluded from its policies. The State Farm homeowners insurance policies at issue, Special Form 3 and Extra Form 5, contain the following pertinent provisions: The "Ordinance or Law" clause provides that State Farm is not responsible for loss caused by the enforcement of ordinances or laws regulating home construction;[3] the "increased cost limitation" *65 clause excludes from coverage any increased costs of repairs which are incurred by bringing a home into compliance with ordinances.[4] State Farm argues that it provides coverage only for damage caused by the hurricane itself. Both parties filed motions for summary judgment.
The trial court granted the County's motion for summary judgment holding, as a matter of law, that State Farm must cover costs incurred by insureds to comply with the South Florida Building Code and the County Elevation Requirements. The court found that the exclusionary language was ambiguous and interpreted it to provide the increased coverage.
It is well-settled that the construction of ambiguities in an insurance policy is a question of law. Jones v. Utica Mut. Ins. Co., 463 So.2d 1153, 1157 (Fla. 1985). "Despite the principle that policy provisions which tend to limit liability must be construed liberally in favor of the insured and against the insurer, where the language of a policy is clear and unambiguous on its face, the policy must be given full effect." American Motorists Ins. Co. v. Farrey's Wholesale Hardware Co., 507 So.2d 642, 645 (Fla. 3d DCA), review denied, 518 So.2d 1274 (Fla. 1987) (citations omitted).
A court may resort to construction of a contract of insurance only when the language of the policy in its ordinary meaning is indefinite, ambiguous or equivocal. If the language employed in the policy is clear and unambiguous, there is no occasion for construction or the exercise of a choice of interpretations. In the absence of ambiguity ... it is the function of the court to give effect to and enforce the contract as it is written.
U.S. Fire Ins. Co. v. Morejon, 338 So.2d 223, 225 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 426 (Fla. 1977); Rigel v. National Casualty Co., 76 So.2d 285 (Fla. 1954).
The first issue in this case is whether the policies are ambiguous. "An ambiguity arises when more than one interpretation `may fairly be given' to a policy provision." Ellsworth v. Insurance Co. of N. Am., 508 So.2d 395, 400 (Fla. 1st DCA 1987). The policies before us do not present language susceptible of more than one interpretation. Under "Losses Not Insured," supra note 3, the policy provides that no coverage is afforded for losses which would not occur in the absence of excluded events. In other words, if the excluded event does not occur, the loss does not occur. The first excluded event in the policy is the enforcement of an ordinance or law regulating construction or repair of a structure. Clearly, the County must enforce its construction codes and requirements. Compliance with these requirements will occasion additional losses for many homeowners. The language in the "Ordinance or Law" exclusion is susceptible of only one interpretation: no coverage is provided for losses associated with construction regulation enforcement.
The second sentence of the second paragraph in the "Losses Not Insured" section clearly alerts the reader that such coverage will not be afforded regardless of whether any other cause or causes bring about the loss. The provision declares that the existence of an excluded event will, regardless of any other forces involved, remove the loss from the purview of coverage. No ambiguities are present in this provision.
Similarly, the "increased cost limitation" clause, supra note 4, is susceptible of only one interpretation. The clause asserts that no coverage will be afforded for increased costs associated with enforcement of construction *66 laws or regulations. The plain, natural meaning of the phrase, Allstate Ins. Co. v. Shofner, 573 So.2d 47, 49 (Fla. 1st DCA 1990), alerts the reader to the fact that should enforcement of a construction regulation or law cause additional expenses, the policy does not cover them.
The County argues that State Farm's failure to define "enforcement" and "increased costs" in the policies renders the provisions ambiguous. We are not persuaded by this argument.
The "mere failure to provide a definition for a term involving coverage does not necessarily render the term ambiguous." Jefferson Ins. Co. v. Sea World, 586 So.2d 95, 97 (Fla. 5th DCA 1991). Terms in an insurance policy should be given their plain and unambiguous meaning. Old Dominion Ins. Co. v. Elysee, Inc., 601 So.2d 1243, 1245 (Fla. 1st DCA 1992); Shofner. Enforcement is "the act of enforcing: as a: compulsion especially by physical violence b: forcible urging or argument ... c: the compelling of the fulfillment (as of a law or order)." Webster's Third New International Dictionary, Unabridged, 751 (1986). The ordinary meaning of the term "enforcement," the urging of compliance or fulfillment, makes the exclusion directly applicable to the scenarios at issue in this action. Whether the homeowners comply with codes and ordinances before or after the County takes action is irrelevant. The threat of enforcement is the driving force behind compliance with building and construction codes and ordinances. Permits are required before construction and repairs commence. Failure to comply results in failure to receive necessary permits for further construction or occupancy. The County discovers its code violations through inspections and punishes noncompliance by imposing sanctions. Thus, by any method it chooses, the County does enforce the upgrades and improvements it requires of homeowners.
The term "increased cost" can also be construed in terms of its plain and unambiguous meaning. "Increase" is defined as "to become greater in some respect." Webster's Third New International Dictionary, Unabridged, 1145 (1986). Should the costs of repair or reconstruction become greater than merely repairing the storm damage to the structure, because a code or ordinance exists, those costs are not covered. No legal sophistry is required to interpret this provision; failure to define this term does not create an ambiguity.
Based on the foregoing analysis, we hold that the trial court erred in finding the policy and its exclusions ambiguous and unclear as a matter of law. The exclusionary clauses are plain and unambiguous on their faces, allowing no room for interpretation. Morrison Assurance Co. v. School Bd. of Suwannee County, 414 So.2d 581 (Fla. 1st DCA 1982). "The fact that an insurance policy requires analysis to comprehend its scope does not mean it is ambiguous." Farrey's Wholesale Hardware, 507 So.2d at 645; Hess v. Liberty Mut. Ins. Co., 458 So.2d 71 (Fla. 3d DCA 1984). In the absence of any ambiguity, the trial court was not at liberty to interpret the language in the policies. A court should not extend the coverage afforded by insurance "beyond that plainly set forth in the insurance contract." Morejon, 338 So.2d at 225.[5] Thus, the final summary judgment in the County's favor must be reversed; the case is remanded for entry of judgment for State Farm.
Reversed and remanded.
NOTES
[1] Section 104.3(e) of the South Florida Building Code requires: "Repairs and alterations amounting to more than 50 percent of the replacement value of the existing building shall be made to conform to all the requirements for a new building or structure or be entirely demolished."
[2] The "Flood Elevation Requirements" in Chapter 11C of the Metropolitan Dade County Code provide that when a building located in a flood zone is damaged in the amount of fifty percent or more of its pre-damaged market value, and requires improvements, the building must be elevated to or above the applicable flood plain level before a building permit will issue.
[3] Section I  Losses Not Insured, paragraph 2., provides:

We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
a. Ordinance or Law, meaning enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, unless specifically provided under this policy.
[4] The "increased cost limitation" clause provides that State Farm "will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy."
[5] Additional coverage, to insure the risks at issue here, can be purchased from the insurance company to augment the standard homeowners coverage.