GORZEN v THE WESTFIELD INSURANCE COMPANY

Docket No. 162922. Submitted October 5, 1994, at Detroit. Decided November 21, 1994, at 9:45 A.M.

Laurel A. Gorzen, as personal representative of the estate of Nathan R. Gorzen, Edward L. Gorzen, as personal representative of the estate of Aaron L. Gorzen, and Glenn and Beverly Hubbard brought an action in the Jackson Circuit Court against The Westfield Insurance Company and Davis Insurance Agency, Inc., seeking a declaration that Westfield had a duty to defend and indemnify the Hubbards in an action brought against them by plaintiffs Laurel and Edward Gorzen. The Gorzens had brought an action for damages against the Hubbards, alleging that the deaths of the decedents in an accident in which they were passengers in an automobile driven by the Hubbards' minor son was the result of the Hubbards' negligent exercise of parental control and supervision of their son. The Hubbards turned the matter over to Westfield, issuer of their homeowner's policy, which denied coverage on the basis of a policy provision precluding coverage for injuries arising out of the use of a motor vehicle owned or operated by an insured, the negligent entrustment by an insured of a motor vehicle, or statutorily imposed vicarious parental liability for actions of a child using a motor vehicle. The court, Alexander C. Perlos, J., granted summary disposition for the defendants on the basis of the policy exclusions. Laurel Gorzen appealed.

The Court of Appeals held:

1. Because it is undisputed that the Hubbards' son is an insured under the homeowner's policy and thus would not be covered under the policy for the injuries resulting from the automobile accident, the Hubbards are not covered for the claim brought by the plaintiffs, because the plaintiffs' claim, no matter how denominated or under which theory of liability it is

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 644, 654, 665, 668; Insurance §§ 710, 727.

Construction and effect of provision excluding liability for automobile-related injuries or damage from coverage of homeowner's or personal liability policy. 6 ALR4th 5551.

brought, is wholly derivative of their claim against the Hubbards' son.

2. The fact that the homeowner's policy provided that the insurance applied separately to each insured did not preclude operation of the exclusion with respect to the claim against the insured parents that is a derivative of the claim against the son, coverage for which is clearly excluded under the policy.

3. Because the trial court properly granted summary disposition for the defendants, it is unnecessary to consider the question of the standing of the Gorzens to bring this action.

Affirmed.

INSURANCE — EXCLUSIONS — DERIVATIVE CLAIMS — SEVERABILITY OF INSURANCE.

An insurance policy does not provide coverage for a claim based on the negligent failure of insured parents to supervise and control their child where the policy excludes from coverage the acts of an insured child that resulted in the derivative claim against the parents; such coverage is excluded even where the insurance policy provides that the insurance applies separately to each insured.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Charles H. Chomet*), for Laurel A. Gorzen.

*Mazur, Matyjaszek & Brandt, P.C.* (by *R. Darryl Mazur*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and W. P. CYNAR,* and P. D. SCHAEFER,** JJ.

W. P. CYNAR, J. Plaintiffs appeal as of right from a March 12, 1993, order of the Jackson Circuit Court granting summary disposition to defendants, The Westfield Insurance Company and Davis Insurance Agency, Inc., in a declaratory action brought to determine whether Westfield has a duty to defend and indemnify the Hubbards in an underlying action brought by plaintiffs Laurel and

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

Edward Gorzen. Determining that exclusions in the Hubbards' homeowner's insurance policy applied to preclude coverage, notwithstanding the existence of a "severability clause," we affirm.

Tim Hubbard, a minor, was driving a car on November 14, 1991, when he was involved in an accident in which his passengers, Aaron and Nathan Gorzen, were killed. Laurel and Edward Gorzen, as personal representatives of the estates of Nathan and Aaron, brought a tort action against Tim Hubbard's parents, alleging that the Hubbards negligently exercised parental control and supervision of Tim and that they were liable under MCL 600.2913; MSA 27A.2913 for the wilful or malicious manner in which Tim operated his car.

The Hubbards turned the case over to Westfield, with which they had a homeowner's policy. Westfield declined to defend or indemnify the Hubbards in the tort action, claiming that the policy precluded coverage for injuries arising out of: (1) the use of a motor vehicle owned or operated by an insured; (2) negligent entrustment by an insured of a motor vehicle; and (3) statutorily imposed vicarious parental liability for actions of a child using a motor vehicle.

The Gorzens and the Hubbards then filed the instant action against Westfield and the Davis Insurance Agency, which sold the Hubbards the policy. On February 26, 1993, the trial court granted defendants' motion for summary disposition, brought pursuant to MCR 2.116(C)(10), on the grounds that the policy exclusions precluded coverage.

Plaintiff Laurel Gorzen appealed, arguing that the exclusions in the homeowner's policy do not preclude coverage where there is also a "severability of insurance" clause. Specifically, plaintiff ar-

gues that the severability clause[1] states that each insured under a policy is separately insured, which means that each exclusion applies only to the particular insured seeking coverage. Therefore, plaintiff argues that because the Hubbards, and not Tim, are seeking coverage in this suit, and because the Hubbards did not own or operate the car in which Aaron and Nathan Gorzen were passengers, the exclusions do not apply to the Hubbards and they are entitled to coverage. We disagree.

We review de novo a trial court's decision on a motion for summary disposition to determine whether the party was entitled to judgment as a matter of law. *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993).

The motor vehicle exclusion in the Hubbards' policy precludes coverage for bodily injury arising out of the use of a motor vehicle owned by an insured. It is undisputed that Tim Hubbard, an insured under the policy, would not be covered for injuries resulting from the car accident under this exclusion. Because the Hubbards' claim for coverage is wholly derivative of Tim's claim, which is excluded under the policy, the Hubbards are not entitled to coverage. *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989); *Allstate Ins Co v Castanier,* 195 Mich App 630, 633; 491 NW2d 238 (1992). The injuries resulting from the car accident are excluded from coverage regardless of the label the allegations were given in the complaint. We must look to the underlying cause of the injury to determine coverage and not the theory of liability. *Freeman, supra* at 690; *Castanier, supra* at 633-634.

---

[1] Severability of Insurance. This insurance applies separately to each insured. This condition will not increase our liability for any one occurrence.

Plaintiff's attempt to distinguish *Freeman* from the instant case by pointing to the fact that the policy in *Freeman* did not contain a severability clause is unsuccessful. While the opinion in *Freeman* did not mention expressly whether there was a severability clause in the policy, the Supreme Court explicitly recognized the insurance company's separate and distinct duty under the policy to cover each of the insureds before concluding that the derivative nature of the Freemans' suit precluded coverage. Therefore, the substance of a severability of insurance provision was considered by the Supreme Court and was found not to affect the operation of the exclusionary clause.

We also reject plaintiff's argument that the severability clause renders the exclusionary clause ambiguous. *Freeman* makes it very clear that regardless of whether there is a severability clause, if an exclusion operates to preclude coverage for one insured's actions, the exclusion also operates to preclude coverage for any claims deriving from that one insured's same actions.

Finally, plaintiff raises an issue regarding the Gorzens' standing to bring this declaratory action as third-party beneficiaries of the homeowner's policy issued to the Hubbards. Because we find the foregoing issue dispositive, we find it unnecessary to address the standing issue.

Affirmed.