**GUIDEONE ELITE INSURANCE COMPANY, Plaintiff,**

v.

**OLD CUTLER PRESBYTERIAN CHURCH, INC., J.A.W., individually and as legal guardian/parent of E.S.W., E.S.W., a minor by and through her mother and next friend J.A.W., J.S.W., husband of J.A.W. and J.S.W. as legal guardian/parent of E.S.W., Defendants.**

No. 03–21130CIVKING.

United States District Court,
S.D. Florida,
Miami Division.

May 6, 2004.

Roderick F. Coleman, Esq., Coleman & Associates, P.A., Boca Raton, LA, for Plaintiff.

Mark Hicks, Esq, Hicks, Anderson & Kneale, P.A., Miami, FL, Stephen A. Kandell, Esq., Kandell & Kandell, P.A., Coconut Grove, FL, for Defendants J.A.W., J.S.W. and E.S.W.

Andrew John Anthony, Esq., Bradley A. Silverman, Esq., the Law Offices of Anthony & Associates, P.A., Coral Gables, FL, for Defendant/Counter–Plaintiff Old Cutler Presbyterian Church.

## FINAL DECLARATORY DECREE

KING, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion for Summary Judgment, filed November 14, 2003, Defendants J.A.W., E.S.W., and J.S.W.s' ("Victims") Cross Motion for Summary Judgment, filed December 1, 2003, and Defendant Old Cutler Presbyterian Church's ("Church") Cross Motion for Summary Judgment, filed March 8, 2004.[1]

The tragic facts of this case are undisputed.[2] To summarize them briefly, on October 16, 2002, J.A.W. drove to Church

---

1. The Victims' Motion also served as their Response to Plaintiff's Motion. On March 8, 2004, Church filed its Response to Plaintiff's Motion. On March 23, 2004, Plaintiff filed its Reply to Church's Response. On April 26, 2004, Plaintiff filed its (untimely) Reply in support of its Motion/Response to the Victims' Motion. On May 3, 2004, the Victims filed their Reply in support of their Motion.

2. All parties have stipulated to the facts contained in J.A.W.'s sworn statement to police, given October 16, 2002, and the Victim Questionnaire completed by J.A.W. in the wake of the incident in question. (See App. 1 to Pl.'s Reply to Church's Resp., filed March 23, 2004). These records contain the full set of facts pertaining to the incident in question and appear in Appendices 2 and 3 to Plaintiff's Motion.

to pick up E.S.W., her three year old daughter, from pre-school. While J.A.W. was helping E.S.W. into the back seat, a man came into the car,[3] attacked J.A.W. and drove away with J.A.W. and E.S.W. in the car.[4] Over the next several hours, the man sexually assaulted and raped J.A.W., physically assaulted both J.A.W. and E.S.W. to ensure their cooperation, and forced J.A.W. to take money out of an ATM machine and give it to him.

The Victims have sued Church in state court for its negligent failure to keep its parking lot area reasonably safe. In the instant case, Plaintiff has sued Church, J.A.W., her husband J.S.W., and E.S.W. for a declaratory judgment. Specifically, Plaintiff, which is Church's insurer, seeks a ruling that Church's general insurance policy does not cover any damages Church might owe as a result of the state court proceeding. Instead, Plaintiff argues that only Church's sexual misconduct insurance policy covers such damages.[5]

In its current Motion, Plaintiff argues that a clause in Church's general insurance policy specifically excludes from coverage all injuries arising out of sexual misconduct, which includes all injuries suffered by J.A.W. and E.S.W.. In their current Motions, Defendants argue that the exclusionary clause is ambiguous and thus does not exclude negligence suits against the insured on account of the sexual misconduct of a third party. Defendants further argue that even if the exclusion applies to

the sexual misconduct against J.A.W., it does not apply to the other injuries sustained by J.A.W. and E.S.W. Lastly, Defendants argue that their injuries arose out of multiple occurrences, and therefore their recovery from Plaintiff should not be subject to a "per occurrence" limit.

## LEGAL STANDARD

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993). If the movant meets its burden, the burden then shifts to the non-moving party to establish that a genuine dispute of ma-

---

3. The man was a third party unaffiliated with the Church.

4. J.A.W.'s infant son P.W. was also in the car at the time. On May 6, 2004, the Court granted the Parties' Agreed Motion to Add P.W. as a Party Defendant and Counter–Plaintiff. Therefore, this decree applies to P.W. as well.

5. Church's general insurance policy insures Church for up to $1 million per occurrence, while Church's sexual misconduct insurance policy insures Church for up to $100,000 per occurrence.

terial fact exists. *Id.* To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston*, 9 F.3d at 919. A mere scintilla of evidence in support of the non-moving party's position is insufficient, however, to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *Id.* at 249–50, 106 S.Ct. 2505.

## DISCUSSION

When a contract is not ambiguous, courts will apply its plain meaning. *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So.2d 938, 942 (Fla. 1979); *State Farm Fire and Casualty Co. v. Metropolitan Dade County*, 639 So.2d 63, 65 (Fla. 3d DCA 1994). Church's general insurance policy excludes from coverage "any 'personal or advertising injury,' 'bodily injury' and mental or emotional pain or anguish, sustained by any person arising out of or resulting from any actual or alleged act of sexual misconduct of any kind."[6] Defendants argue correctly that

they have sued Church in state court for negligence, and this language does not specifically exclude coverage for negligence on the part of the insured that gives rise to sexual misconduct. However, the same clause goes on to state, "the Company shall have no duty to investigate, settle, defend or pay any claim or 'suit' asserting any act of sexual misconduct *or any breach of duty contributing to such act.*" *Id.* (emphasis added). This sentence clearly and unambiguously denies coverage for a negligence suit arising out of injuries sustained as a result of sexual misconduct. Moreover, because the clause applies to "any act of sexual misconduct," the exclusion applies to the sexual misconduct of third parties. Therefore, to the extent that J.A.W. and E.S.W. sustained injuries that arose out of sexual misconduct, the Church's general insurance policy does not apply.[7]

Defendants next argue that even if the Church's general insurance policy does not apply to a third party's sexual misconduct, not all of the criminal actions at issue in this case constituted sexual misconduct.[8] However, upon careful review of the record, the Court finds that all the non-sexual acts at issue were incidental to the sexual acts and arose out of the same. The Court thus finds that all of the criminal conduct at issue constituted "sexual misconduct," and therefore, the Church's general insurance policy does not apply to any of the third party's actions.[9]

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

---

**6.** App. 1 to Pl.'s Motion, Commercial General Liability Coverage Form, Section I, Additional Exclusions, paragraph 3, page 7 of 19.

**7.** Defendants argue that the sexual misconduct exclusion was intended to apply to sexual misconduct on the part of Church officials and employees. However, because the language of the exclusion is clear, the Court

must apply the clause's plain language regardless of the intent behind it.

**8.** The Church's general insurance policy fails to define the phrase "sexual misconduct."

**9.** Defendants also argue that the incident at issue consisted of multiple occurrences. However, Section 2 of Church's Sexual Misconduct Liability Coverage Form states, "[r]e-

ORDERED and ADJUDGED that Plaintiff's Motion for Summary Judgment be, and the same is hereby, GRANTED. It is further

ORDERED and ADJUDGED that Defendants J.A.W., E.S.W., and J.S.W.s' Cross Motion for Summary Judgment be, and the same is hereby, DENIED. It is further

ORDERED and ADJUDGED that Defendant Old Cutler Presbyterian Church's Cross Motion for Summary Judgment be, and the same is hereby, DENIED.

gardless of the period of time over which such acts occur or when damages are sustained, all acts of sexual misconduct by one person...or any breach of duty causing or contributing to such acts, will be considered one occurrence in determining our liability under this section." Because the criminal acts at issue in this case were committed by a single individual, his conduct constitutes one occurrence for purposes of determining Church's coverage.