[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 4, 2008
**THOMAS K. KAHN**
**CLERK**

No. 07-15844
Non-Argument Calendar

D. C. Docket No. 07-20494-CV-KMM

HON REALTY CORP.,
a Florida corporation,

Plaintiff-Appellant,

versus

FIRST AMERICAN TITLE INSURANCE CO.,
a California corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(September 4, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Hon Realty Corp. ("Hon Realty") appeals from the grant

of defendant's motion for summary judgment and the denial of its cross-motion for summary judgment in the instant declaratory judgment action arising out of a title insurance policy appellant purchased from defendant-appellee First American Title Insurance Co. ("First American"). At issue on appeal is whether the term "public records" used in an applicable exclusion term of the insurance contract includes public records that were not filed with the "Official Records" of Florida, pursuant to Fla. Stat. § 695.11,[1] the state's recording statute for encumbrances and liens against real property. For the following reasons, we conclude that the contractual term "public records" includes only those records filed under the state's recording statute to obtain constructive notice of a particular encumbrance or lien pursuant to Fla. Stat. § 695.11. Accordingly, we affirm the judgment of the district court.

---

[1] This statutory provision reads as follows:

> All instruments which are authorized or required to be recorded in the office of the clerk of the circuit court of any county in the State of Florida, and which are to be recorded in the "Official Records" as provided for under s. 28.222, and which are filed for recording on or after the effective date of this act, shall be deemed to have been officially accepted by the said officer, and officially recorded, at the time she or he affixed thereon the consecutive official register numbers required under s. 28.222, and at such time shall be notice to all persons. The sequence of such official numbers shall determine the priority of recordation. An instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series.

Fla. Stat. Ann. § 695.11 (West 2000).

The facts are straightforward and undisputed. Hon Realty purchased a property, against which the City of Miami had an encumbrance because of the prior landowner's violations of several city ordinances. First American warranted title on the property as of the closing of the property, the effective date of the title insurance contract. The enforcement order for the encumbrance was issued prior to the purchase of the property—and, importantly, prior to the effective date of the title insurance—but the order was not recorded under Florida's recording statute, Fla. Stat. § 695.11, with the Miami-Dade County clerk of court until two weeks after Hon Realty closed on the property and after the effective date of the insurance policy. The district court determined—and the parties do not dispute on appeal—that the title insurance policy would warrant the title against (thus insuring against) said encumbrance, but only if the enforcement order with respect to the encumbrance "ha[d] been recorded in the public records at Date of Policy." Because the enforcement order was available in the City's public records but was not recorded in Miami-Dade's statutory "Official Records" until after Hon Realty recorded the warranty deed on the property, we must decide whether the insurance contract's provision that would cover encumbrances "recorded in the public records" by the date of the policy would include the City's public records or only the "Official Records" described in the state's recording statute.

3

We review de novo the district court's grant of summary judgment. Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553 (1986). The parties agree that this case presents only a question of law requiring the Court to interpret the parties' title insurance contract under Florida law. Flintkote Co. v. Dravo Corp., 678 F.2d 942, 945 (11th Cir. 1982) (recognizing that courts sitting in diversity apply the substantive law of the forum); see State Farm Fire & Cas. Co. v. Metro. Dade County, 639 So. 2d 63, 65 (Fla. Dist. Ct. App. 1994) (stating that contract construction is a question of law).

Florida law construes insurance policy exclusions narrowly, and any ambiguity in the contract should be resolved in favor of coverage and construed against the drafter. State Farm Fire & Cas. Co., 639 So. 2d at 65. However, "where the language of a policy is clear and unambiguous on its face, the policy must be given full effect." Am. Motorists Ins. Co. v. Farrey's Wholesale Hardware Co., Inc., 507 So. 2d 642, 645 (Fla. Dist. Ct. App. 1987).

We conclude that the policy is clear and unambiguous on its face and resolves the issue presented. The policy itself defines "public records" as follows:

4

"records established under state statutes at Date of Policy <u>for the purpose of</u> <u>imparting constructive notice of matters related to real property</u> to purchasers for value and without knowledge." District Court Order at 4 (emphasis added). It is clear that the "public records" definition contemplated only the inclusion of those records filed under a state recording statute and not those general public records that may be available from, for example, a public records request with the state or a local municipality.

Notably, the enforcement order of the encumbrance at issue here specifically contemplated that the City's order be recorded with the county in order to be recorded as a lien against the property, which evinces the fact that the purported record of the enforcement order itself was not effective as an encumbrance to subsequent purchasers for value without knowledge prior to recording under Fla. Stat. § 695.11. <u>See also</u> Fla. Stat. Ann. § 162.09(3) (West 2000) (providing same). If the order itself was not effective against Hon Realty until its recording under Fla. Stat. § 695.11, the order cannot be reasonably considered a "public record" within the meaning of the contract.

Appellant argues that the record of the enforcement order was itself created under the City's authority granted by state statute permitting it to enforce local ordinances and is therefore a record "established under [a] state statute[ ]" that

5

provides notice with respect to real property.  Appellant's argument is without

merit.  The statute granting the City the authority to enforce its ordinances through

encumbrances has nothing to do with a record filed under a statute "<u>for the</u>

<u>purpose of</u> imparting constructive notice of matters related to real property . . . ."

The purpose of Chapter 162 of the Florida Statutes, relied upon by Appellant, is to

provide a mechanism for enforcing local ordinances and not a mechanism for

imparting constructive notice of matters related to real property.  Moreover, Fla.

Stat. § 162.09(3) expressly contemplates that a "certified copy of an order

imposing a fine, or a fine plus repair costs, may be recorded in the public records"

in order to effect a lien under the state's recording statute.

For the foregoing reasons, we conclude that the judgment of the district

court is due to be

**AFFIRMED.**[2]

---

[2] Appellee's request for oral argument is denied.