# Third District Court of Appeal

## State of Florida

Opinion filed April 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2107
Lower Tribunal No. 20-9667
_____


**Ramash Realty, LLC,**
Appellant,

vs.

**Certain Underwriters at Lloyd's London, etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellant.

TorresVictor, and Anna D. Torres (West Palm Beach), for appellee.


Before LOGUE, C.J., and EMAS and MILLER, JJ.

EMAS, J.

Ramash Realty, LLC appeals the trial court's final summary judgment entered in favor of Certain Underwriters at Lloyd's London. The dispute between the parties centered on the proper construction of certain provisions of an insurance policy regarding calculation and application of the deductible amount. Upon our de novo review, Chandler v. Geico Indem. Co., 78 So. 3d 1293, 1296 (Fla. 2011) ("The issue in this case stems from a trial court's ruling on summary judgment based upon the interpretation of an insurance contract which causes our standard of review to be de novo."), we affirm entry of summary judgment and hold the trial court properly construed and applied the relevant terms of the policy. See Travelers Indem. Co., v. PCR Inc., 889 So. 2d 779, 785 (Fla. 2004) ("If the language used in an insurance policy is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning of the language used so as to give effect to the policy as it was written."); Pride Clean Restoration Inc. v. Certain Underwriters at Lloyd's of London, 331 So. 3d 841, 843 (Fla. 3d DCA 2021) (reaffirming that "when analyzing an insurance contract, it is necessary to examine the contract in its context and as a whole, and to avoid simply concentrating on certain limited provisions to the exclusion of the totality of others." (quoting Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 165 (Fla. 2003))). See also Royale Green Condo. Ass'n, Inc. v. Aspen

Specialty Ins. Co., No. 07-21404-CIV, 2008 WL 2074383, at *3 (S.D. Fla. May 14, 2008) ("The policy is not particularly simple, but requiring analysis to determine the scope and meaning of the contract does not mean an ambiguity exists." (citing State Farm Fire & Cas. Co. v. Metro. Dade Cnty., 639 So. 2d 63, 66 (Fla. 3d DCA 1994) ("The fact that an insurance policy requires analysis to comprehend its scope does not mean it is ambiguous." (citation omitted)))).

Affirmed.