Osborne v. The American Insurance Company

*Archie O. Wallace,* for plaintiffs.

*William C. Kuhn,* for defendant.

McKay, J., July 7, 1965.—Is a caterpillar tractor bulldozer a vehicle within the meaning of a home owner's insurance policy? If it is, and if the owner's cellar wall collapses due to the weight of such a vehicle when operated by a third party within 16 inches of the wall, is the collapse of the wall a *direct* loss to the owner?

These two questions are presented by defendant's motion for judgment on the pleadings in the present action, which is a suit on a home owner's policy. The facts as gathered from the complaint, answer, new matter, and reply are as follows:

On or about May 18, 1964, the dwelling house of plaintiffs, which was covered by said insurance policy, was damaged by a caterpillar tractor being operated by an individual who was not an occupant of the insured premises. The cellar wall of the insured premises was damaged, caved-in, and displaced as a direct result of the operation of the caterpillar tractor, which damage rendered the wall useless as a foundation for the remainder of the dwelling house. The operator of

the caterpillar tractor drove the tractor, which was a very heavy vehicle, within 16 inches of plaintiffs' cellar wall, thereby causing direct and immediate pressure against the wall, causing it to collapse and be displaced from its original position.

The insurance policy upon which the action is based reads in part as follows:

"*Home Owners Policy, Form A*

"*Perils Insured Against*

"Section I of this policy insures against *direct loss* by the following perils . . .

"6. *Vehicles*, but excluding loss to driveways, walks trees, shrubs and plants caused by any land vehicle owned or operated by any occupant of the premises." (Italics supplied.)

Defendant contends that a caterpillar tractor bulldozer is not a vehicle within the meaning of Section I, paragraph 6 of the policy quoted above, but rather merely a piece of earth moving equipment. In our opinion, a bulldozer is a vehicle within the meaning of the policy.

Webster's Collegiate Dictionary defines the term "vehicle" as, "that in or on which a person or thing is or may be carried; any moving support or container for the conveyance of a bulky object."

The fact that a bulldozer moves on caterpillar treads instead of on wheels and bears an earth-moving blade in front does not prevent it from coming within the words of the above definition.

The word "vehicle" is defined in The Vehicle Code of April 29, 1959, P. L. 58, sec. 102, 75 PS §1027 as "Any device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks. . . ."

Although the present case does not deal with a ve-

hicle being used upon a public highway and hence is not necessarily governed by the definition in The Vehicle Code, it will be noted that even the above definition, by excepting tractors for the purposes of the code, impliedly recognizes that a tractor is a vehicle. Similarily, it has been held that a steam shovel, which is in many ways similar to a bulldozer, is a vehicle within the meaning of The Vehicle Code: Commonwealth v. Ford, 54 D. & C. 284, 285.

Further, the policy before us evidences an intent that the term vehicle includes equipment of the nature of a bulldozer when it excludes "loss (by vehicles) to trees, shrubs, and plants caused by any *land vehicle* owned or operated by any occupant of the premises." These words suggest that trees, shrubs, and plants may be damaged by such "land vehicles" as lawn mowers on which the operator rides, snow plows, and bulldozers, which may be used about the premises by the occupant of the property and are specifically excluded from the protection afforded by the policy.

Defendant relies upon the cases of Deardorff v. Continental Life Ins. Co., 301 Pa. 179, and Healy v. Philadelphia, 321 Pa. 488. These cases, however, are distinguishable from the instant one. In the Deardorff case, the only question was whether a motor cycle was a motor driven car within the meaning of an insurance policy, and the court held that it was not a car. However, the court recognized that "vehicle" is a much broader term than "automobile" or "car."

In the Healy case, the question was whether a sprinkler truck was a vehicle within the meaning of section 619 of The Vehicle Code of May 1, 1929, P. L. 905, providing that a municipality should be liable for negligence of an employe while operating a motor vehicle upon a highway in the course of his employment. In Devers v. Scranton City, 308 Pa. 13, the court had earlier held that a motor-driven fire ladder truck was not

a vehicle within the meaning of that act but in the Healy case, the court overruled the Devers case and held that a sprinkler truck is a vehicle. The Vehicle Code, then, as now, defined a vehicle as: "Every device in, upon or by which any person or property is or may be transported or drawn upon a public highway excepting tractors, etc." To the extent that the Healy case is pertinent at all to the present inquiry, it supports our conclusion that a bulldozer comes within the definition of a vehicle.

Finally, if there were any ambiguity in the meaning of the word, the ambiguity would have to be resolved against the insurance company. An insurance policy must be strictly construed against the party who has written it: Great American Insurance Company v. State Farm Mutual Automobile Insurance Company, 412 Pa. 538; Weissman v. Prashker, 405 Pa. 226.

The second question is whether the damage or loss incurred in the instant case was a direct one within the meaning of the policy terms. Defendant contends that for the damage done by a bulldozer to be direct, there must be a contact between the vehicle and the dwelling. The policy, however, does not so require, and a court may not read into an insurance policy language which the insurer itself did not see fit to insert. In the case of Trexler Lumber Co. v. Allemannia Fire Ins. Co., 289 Pa. 13, in which a policy of wind insurance was involved, the word "direct" was defined as meaning "immediate or approximate" as distinguished from "remote" or "incidental." The complaint in the instant case avers that for four months prior to the happening of the accident, plaintiffs' wall had remained intact and that the operation of the tractor within sixteen inches of the wall caused "direct and immediate pressure against the wall causing it to collapse." We conclude that there is no merit to the contention that the loss was not direct.

## ORDER

Now, July 7, 1965, the motion of defendant for judgment on the pleadings is granted, but judgment is entered not in favor of defendant, but in favor of plaintiffs, and the case shall be set down for jury trial in due course to determine the amount of the damages.

## EXCEPTION

Now, July 7, 1965, defendant excepts to the foregoing order and the exception is granted.