699 So.2d 768 (1997)
LASSITER CONSTRUCTION CO., INC., James Daniel Lassiter and Geraldine Sibel, as Trustees for Lassiter Construction Company, Inc., Appellants,
v.
AMERICAN STATES INSURANCE COMPANY, Appellee.
No. 96-1049.
District Court of Appeal of Florida, Fourth District.
September 10, 1997.
*769 Thomas P. Miller of the Law Offices of David S. Maxey, Birmingham, AL, for appellants.
Eric G. Belsky and Ronald L. Kammer of Hinshaw & Culbertson, Miami, for appellee.

ON MOTION FOR CLARIFICATION
KLEIN, Judge.
We grant appellant's motion for clarification and substitute the following opinion for our original opinion which was issued on June 11, 1997.
The appellant insured, a general contractor, was insured by appellee under a commercial general liability policy. The trial court determined that there was no coverage under the policy for defective construction performed by the insured or its subcontractors. We affirm.
The lawsuit for which the insured contends that it is covered under this policy was one brought by the School Board as a result of defective construction performed by the insured pursuant to a contract with the School Board. There are no allegations that the defective construction caused personal injuries or damage to any property other than the school buildings which were being constructed.
The insured concedes that there is no coverage for defective construction performed by the insured as general contractor[1], but relies on two exclusions in the policy, which are not applicable to subcontractors, to argue that defective work performed by subcontractors is thus covered. The insurer responds that there is no coverage for the defective work alleged in this case in the first place, and accordingly the exclusions are irrelevant.
Under Coverage A. Bodily Injury and Property Damage Liability, the policy provides in part:
b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"...
"Occurrence," is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
Under the Exclusions portion of the contract it is provided that the insurance does not apply to:
j. "Property damage" to:
* * * * * *
(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly *770 on your behalf are performing operations, if the "property damage" arises out of those operations; ...
The insurer argues that the above provision excludes the construction deficiencies alleged by the School Board in its complaint.
There are two exclusions on which the insured relies, arguing that because these exclusions do not exclude work performed by subcontractors, there is coverage for the defective work performed by subcontractors. Those provisions are:
j. (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
* * * * * *
Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."
l. "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
We agree with the insurer that the exclusions relied on by the insured, some of which do have exceptions for work performed by subcontractors, cannot create coverage where there is no coverage in the first place. The insured has failed to demonstrate that there are any provisions in the coverage section of the policy which would provide coverage for this defective work.
Exclusion j.(6), on which the insured relies because it does not apply to "property damage" included in the "Products-completed operations hazard," does not create coverage under this policy. Assuming there is "Products-completed operations hazard" coverage in this policy, such coverage does not cover the type of contractual liability alleged against the general contractor in this case. Tucker Constr. Co. v. Michigan Mut. Ins. Co., 423 So.2d 525 (Fla. 5th DCA 1982).
Exclusion l., which has an exception for work performed by a subcontractor, does not benefit the insured, because the insurer is not relying on that exclusion, but rather on exclusion j., set forth above, which excludes work by the insured "or any contractors or subcontractors working directly or indirectly on your behalf."
Home Owners Warranty Corp. v. Hanover Ins. Co., 683 So.2d 527 (Fla. 3d DCA 1996)[2] appears to have involved similar claims for defective construction, and the issue of whether those claims were covered by a commercial general liability policy. We agree entirely with the opinion of the third district explaining why these types of defective construction claims are not covered under general liability policies in Florida. The insured in that case argued on rehearing that the same exclusion on which the insured relies in this case, for work performed by a subcontractor, creates coverage. The third district pointed out, however, that an exclusion cannot, in and of itself, create coverage, where there is no coverage elsewhere in the policy.
Affirmed.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] See LaMarche v. Shelby Mut. Ins. Co., 390 So.2d 325 (Fla.1980), Commercial Union Ins. Co. v. R.H. Barto Co., 440 So.2d 383 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 850 (Fla.1984) (a comprehensive general liability policy does not protect the insured from liability for replacement or repair of defective work or materials).
[2] This case was decided after the filing of the appellee insurer's brief, but prior to the filing of the appellant's reply brief. Although the case is contrary to appellant's position, counsel for appellant cited it in her reply brief as contrary authority. This is required by rule 4-3.3(a)(3), which provides that a lawyer shall not knowingly "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Normally we do not compliment counsel for being ethical; however, compliance with this canon, in our experience, has been the exception rather than the rule.