788 So.2d 388 (2001)
AMERICAN EQUITY INS. CO., Appellant/Cross-Appellee,
v.
Don VAN GINHOVEN and Jayne J. Fernandez, Appellees/Cross-Appellants.
Nos. 5D00-2025, 5D00-3233.
District Court of Appeal of Florida, Fifth District.
June 29, 2001.
*389 Michael J. Schwartz of Freud, Abraham & Schwartz, Miami, for Appellant/Cross-Appellee.
Christopher H. Morrison of Baldwin & Morrison, P.A., Fern Park, for Appellee/Cross-Appellant, Jayne J. Fernandez.
Lawrence R. Steiner, Altamonte Springs, and Bill McCabe, Longwood, for Appellee/Cross-Appellant, Don Van Ginhoven.
PLEUS, J.
This appeal involves an action for property damage to a homeowner's swimming pool caused by the negligence of the general contractor, Don Van Ginhoven, and a related declaratory judgment action to determine the extent of coverage for this damage under the contractor's commercial liability insurance policy. The homeowner, Jayne Fernandez, hired Van Ginhoven to make minor repairs to the surface of her swimming pool. Specifically, the written contract called for Van Ginhoven to make spot repairs, clean the pool surface, and replace up to six tiles. In order to do this, both Van Ginhoven and Fernandez understood that it would be necessary to drain the pool. As Van Ginhoven was draining the pool, water table pressure caused the pool to pop out of the ground, resulting in damage to the pool, pump, heating system, deck, screen enclosure and the surrounding landscaping and sprinkler system.
*390 Fernandez sued Van Ginhoven alleging that he negligently drained the pool, causing it to pop out of the ground. Van Ginhoven filed a claim with his general liability insurer, American Equity Insurance Company ("American Equity"), to cover Fernandez' damages. American Equity admitted coverage for all of Fernandez' property damage, except damage to the pool itself. American Equity filed a declaratory judgment action asserting that coverage for damage to the pool was barred by two specific policy exclusions. Those exclusions provided that its insurance did not apply to:
"Property Damage" to:
(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
The liability and declaratory judgment actions were consolidated and tried together non-jury. In his corrected final judgment, the trial judge found Van Ginhoven negligent and determined that American Equity's policy covered all of the damages, including replacement of the swimming pool. The judge found Van Ginhoven and American Equity jointly and severally liable in the amount of $48,144.50 plus prejudgment interest. This amount represented the actual cost Fernandez incurred to replace the pool and repair the surrounding screen enclosure and landscaping, less allowances for upgrades. On appeal, American Equity argues that the trial court erred in determining that its policy exclusions were ambiguous. We agree and reverse.
Because the interpretation of an insurance contract is a question of law, this court is entitled to review the trial court's coverage determination de novo. See Coleman v. Florida Ins. Guar. Ass'n, Inc., 517 So.2d 686, 690 (Fla.1988). An appellate court is not restricted in its review powers from reaching a construction contrary to that of the trial court. See Inter-Active Services, Inc. v. Heathrow Master Ass'n., 721 So.2d 433, 434 (Fla. 5th DCA 1998). Clearly worded exclusions in an insurance policy are to be enforced as long as they are clear, unambiguous and do not violate public policy. See Hawk Termite and Pest Control, Inc. v. Old Republic Ins. Co., 596 So.2d 96, 97 (Fla. 3d DCA 1992).
The trial court found that the above mentioned exclusions were "ambiguous and subject to several differing interpretations." Notably, the trial judge failed to explain what "differing interpretations" could be gleaned from these exclusions. Presumably, his finding was based on Fernandez' arguments that the terms "real property" and "any property" are ambiguous because they are not defined in the policy and can be construed narrowly to encompass "only the spots subject to repair," or more broadly, to include "the actual pool including the pump plumbing, electrical, deck work, patio and screen enclosures." Although none of these terms are defined in the policy, failure to define them does not, by itself, create ambiguity. See State Farm Fire and Cas. Co. v. CTC Development Corp., 720 So.2d 1072 (Fla. 1998). Moreover, the terms "real property" and "any property" are not ambiguous. The term "real property" is a clearly understandable and defined legal term. Black's Law Dictionary defines real property as "land, and generally whatever is erected or growing upon or affixed to land." BLACK'S LAW DICTIONARY 1218, Sixth ed. (1990). Under this definition, the pool *391 constitutes real property. Similarly, the term "any property," is equally clear. It includes all types of property, including pools. Therefore, the terms standing alone are not ambiguous.
In addition, these terms are modified by other terms within the exclusions. Specifically, the term "real property" is modified by the terms "on which you ... are performing operations." At trial, Van Ginhoven admitted that when the pool popped, he was draining the pool, and thus working on, or performing operations on the pool. Therefore, this exclusion bars coverage for property damage to "that particular part of real property on which [Van Ginhoven]... was [performing operations]." Similarly, the term "all property" is modified by the terms "your work was incorrectly performed on it." In other words, the exclusion applies to all property on which work was incorrectly performed. In his corrected final judgment, the trial judge found that "Van Ginhoven drained the swimming pool in a negligent manner, causing it to `pop' or `float'." Accordingly, the term "all property" clearly refers to the pool because Van Ginhoven incorrectly performed work on it.
Fernandez and Van Ginhoven argue that even if the exclusions are not ambiguous, the modifying terms "that particular part of" would only exclude coverage for damage to the property Van Ginhoven contracted to work on, namely, only the specified tiles and spot repairs, but not the entire pool. This argument is untenable. At the time the damage occurred, Van Ginhoven was not working, or performing operations on, the spots subject to repair, but was draining the entire pool. We agree with American Equity that these exclusions are clear, unambiguous and do not violate public policy. See Lassiter v. American States Ins. Co., 699 So.2d 768 (Fla. 4th DCA 1997).[1]
Conversely, damage to any property that Van Ginhoven was not performing operations on, or incorrectly performing work on, is not excluded. Because Van Ginhoven was not working on the plumbing, electrical, deck work, patio, screen enclosure or the residence, any damage to those items is covered. Consistent with this logic, American Equity conceded in the proceedings below and on appeal that coverage existed for damage to all property except the pool itself.
American Equity also contends that the trial court erred in awarding Fernandez damages based on the cost to replace and repair her property damage instead of awarding her the difference between the value of the land before and after the damage occurred. Ordinarily, where injury to property is permanent in nature, the measure of damages is the difference in value of the property before and after the injury. See Atlantic Coast Line R Co. v. Saffold, 130 Fla. 598, 178 So. 288 (1938). However, if the damaged property may be repaired, restored or replaced, the court may award the cost of replacement, repair or restoration. See e.g., Keyes Co. v. Shea, 372 So.2d 493 (Fla. 4th DCA 1979). The Florida Supreme Court has held, however, that the cost of restoration
cannot be adopted as the measure of damages where the cost of restoring the property would exceed the value thereof in its original condition, or the depreciation in the value thereof, or the actual damage sustained by the plaintiff, or where restoration is impracticable.
*392 Davey Compressor Co. v. City of Delray Beach, 639 So.2d 595, 596 (Fla.1994), quoting Keyes Co. v. Shea, 372 So.2d 493, 496 (Fla. 4th DCA 1979).
In the instant case, Fernandez proved that the costs associated with replacing the pool and repairing the damages less significant upgrades, was $48,144.50. The record fails to demonstrate that this cost exceeded the value of the pool in its original condition or its depreciation in value. Moreover, Fernandez demonstrated that replacing and repairing the damage was practicable by actually having it done. Accordingly, American Equity has failed to demonstrate on appeal that the trial judge erred in awarding Fernandez the cost associated with replacing her pool and repairing the other damaged property.
American Equity next argues that the trial court erred in allowing Van Ginhoven to amend his answer and make a claim for attorney's fees, and in subsequently awarding Van Ginhoven attorney's fees and costs based upon its finding that coverage existed for all of Fernandez' damages. While we are sympathetic to American Equity's contention that it was prejudiced by Van Ginhoven's late claim for attorney's fees, we need not address the merits of this issue. As noted above, American Equity consistently acknowledged that its policy covered losses for all of Fernandez' damages except damage to the pool. Because we hold that the policy exclusions are clear and unambiguous, American Equity should have prevailed in its declaratory judgment action. Consequently, we vacate the final judgment taxing attorney's fees and costs against American Equity Insurance Company in favor of Don Van Ginhoven.
American Equity contends lastly that the trial court erred in consolidating the liability and declaratory judgment actions in violation of section 627.4136, Florida Statutes (1997), Florida's Non Joinder Statute. While it might be argued that this issue was not properly preserved for appeal, we find the violation of the statute to be harmless error in this non-jury case.
On cross-appeal, Fernandez contends that the trial court erred in denying her loss of use damages at trial. Clearly, loss of use damages should be considered as part of the overall damages. See Standard Oil Co. v. Dunagan, 171 So.2d 622 (Fla. 3d DCA 1965). However, because the trial court awarded Fernandez pre-judgment interest, it correctly concluded that loss of use damages were not available. See Maryland Cas. Co. v. Florida Produce Distrib., 498 So.2d 1383 (Fla. 5th DCA 1986).
Consistent with our holdings above, we reverse the trial judge's findings in the corrected final judgment to the extent that he found that the policy exclusions were ambiguous. We direct the trial judge to enter a new final judgment against American Equity, deducting the replacement cost of the pool, or $18,594,[2] from the original award of $48,144.50 and recalculating the amount of prejudgment interest based on the new total. Finally, we vacate the award of attorney's fees and costs against American Equity.
REVERSED IN PART; REMANDED; AWARD OF FEES VACATED.
HARRIS and ORFINGER, R.B., JJ., concur.
NOTES
[1] Although it was discussing a different issue, we note that our sister court reviewed and upheld a policy containing the same exclusions as the instant case in Lassiter v. American States Ins. Co., 699 So.2d 768 (Fla. 4th DCA 1997).
[2] American Equity concedes that this figure is the amount necessary to replace the pool, as proven by the testimony of Roy Lenois, at trial.