SALTER, J.
 

 Nova Casualty, an insurer, appeals the trial court’s insurance coverage determinations regarding a landscaper’s commercial general liability (CGL) policy. We affirm in part and reverse in part.
 

 The Work and Damage
 

 Appellees are a general contractor, a landscaping subcontractor and its principals, and a property owner and its managing partner. The property owner hired the general contractor to trim mangroves on a waterfront parcel near the John Pen-nekamp Coral Reef State Park in Monroe County. The general contractor hired the landscaping contractor (insured by Nova Casualty under the CGL policy) to do the work.
 

 Mangroves are protected trees, and the work in question required a special permit obtainable from the Florida Department of Environmental Protection. The owner had such a permit, but it contained two key restrictions: (1) mangroves could not be trimmed to a height of less than ten feet, and (2) only mangroves on the landward side of the mean high-water mark could be trimmed. The mangroves on the seaward side of the mean high-water mark were on land owned by the State of Florida and were not authorized to be cut by the owner, contractor, or subcontractor.
 

 The landscaper’s workers cut the owner’s mangrove trees below the ten-foot level, and they also cut mangroves on the State property without authorization. The Florida Department of Environmental Protection brought, but later dropped, criminal charges against the owner and contractor. The private owner paid for a remediation program to mitigate the damage to the mangroves, and also sued the contractor and landscaping subcontractor for damages. The landscaping subcontractor made a claim under its CGL policy issued by the appellant insurer, and the insurer then filed the coverage lawsuit below.
 

 Policy Provisions
 

 At issue are the applicability and interpretation of certain exclusions to the general coverage for negligence under the
 
 *436
 
 CGL policy. “Property damage” is defined in Section I, Coverage A, Exclusion 2.j. to exclude damage to:
 

 (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the “property damage” arises out of those operations; or
 

 (6) That particular part of any property that must be restored, repaired or replaced because “your work” was incorrectly performed on it.
 

 ‘Tour work” is defined in Section V of the policy:
 

 19. ‘Tour work” means:
 

 a. Work or operations performed by you or on your behalf; and
 

 b. Materials, parts or equipment furnished in connection with such work or operations.
 

 “Your work” includes:
 

 a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of “your work;” and
 

 b. The providing of or failure to provide warnings or instructions.
 

 The parties filed cross-motions for summary judgment for a determination of whether these exclusions would apply to the damages to the mangroves on the private owner’s property and on the State property. The trial court essentially determined that the exclusions applied to the damages to the private owner’s property but did not apply to the damages on the State property. The trial court further held that
 
 all
 
 damages would be covered if “it is not possible to apportion these damages between those attributable to the cutting on [the private owner’s] land and those attributable to the cutting on State Land.” This appeal followed.
 

 Analysis
 

 Our review is de novo. The insurance policy is to be interpreted according to its plain meaning, unless a pertinent term is ambiguous.
 
 Swire Pac. Holdings, Inc. v. Zurich Ins. Co.,
 
 845 So.2d 161 (Fla.2003). The plain meaning of “work” and “operations” in the pertinent provisions has been considered by appellate courts here and in other states. Those terms refer to the insured contractor’s scope of work with the owner (upon whose real property the contract work is being done).
 
 American Equity Ins. Co. v. Van Ginhoven,
 
 788 So.2d 388, 391 (Fla. 5th DCA 2001) (the term “real property” is modified by the qualifying term “on which you ... are performing operations”);
 
 Container Corp. of America v. Md. Cas. Co.,
 
 707 So.2d 733, 736-37 (Fla.1998) (applying dictionary definition of “operation” and construing it to mean work done in the performance of the insured contractor’s contract with the owner);
 
 Bituminous Cas. Corp. v. Kenway Contracting, Inc.,
 
 240 S.W.3d 633, 640 (Ky.2007) (differentiating between excluded “business risks”— primarily those contract risks related to the quality of the insured’s work product— and tort liability for damage to portions of a property where negligent demolition occurred outside the scope of “operations” to be performed under the contract).
 
 [1]
 

 
 *437
 
 In this case, the trial court correctly differentiated between the areas which were incorrectly trimmed on the correct property (faulty workmanship, but on mangroves owned by the owner and intended to be cut as part of the “operations” contracted for by the parties) and those incorrectly trimmed on the property of a non-party to the landscaping contract, the State. We affirm the judgment below regarding that determination of coverage.
 

 We reverse paragraphs 13d., e., and f. of the judgment, however, which determined that Nova Casualty is responsible for
 
 all
 
 of each of the three components
 
 [2]
 
 of loss “in the event that is not possible to apportion these damages” between those attributable to the mangrove cutting on the private owner’s land and those attributable to the cutting on the State land. The policy covers loss and “property damage” caused by the covered acts or omissions. It remains the obligation of the insured to prove the dollar amounts of each element of loss that was incurred because of the mangrove cutting on the State property. Expenditures incurred exclusively as a result of improper trimming on the private owner’s property are not compensable under the trial court’s coverage determination.
 

 Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
 

 [1]
 

 . Some of the cases construing these provisions have determined that the "your work” exclusions are ambiguous, but have then applied the well-worn principle that ambiguous language in an insurance policy is to be liberally construed in favor of coverage.
 
 Koala Miami Realty Holding Co., Inc. v. Valiant Ins. Co.,
 
 913 So.2d 25, 27 (Fla. 3d DCA 2005) (citing three Florida cases for this proposition, and applying the rule to an ambiguous provision). In the case at hand, a similar principle applies to a word ("operation”)
 
 *437
 
 which is undefined but may have different meanings. In this case, the meaning seems plain and unambiguous.
 

 [2]
 

 . The three elements of loss are: (1) attorney's fees and costs and investigative costs associated with the defense of criminal charges following the mangrove cutting: (2) such fees and costs associated with the defense of civil claims relating to the cutting; and (3) penalties, fines, and settlement of the civil claims as a result of the cutting.