LAGOA, Judge.
Barcelona Hotel, LLC (“Barcelona”), the insured, appeals a final summary judgment in favor of insurer Nova Casualty Company (“Nova”). Because the trial court erred in determining that the excavator involved in the property damage claim was not a “vehicle,” and therefore not a named peril, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
In April 2002, a City of Miami Beach contractor was operating an excavator when it struck and damaged the foundation of a hotel owned by Barcelona.[1] Bar *230 celona was insured under a named-peril building and personal property policy issued by Nova. At issue is the following policy section entitled “Causes of Loss-Basic Form”:
A. COVERED CAUSES OF LOSS
When Basic is shown in the Declarations, Covered Causes of Loss means the following:
[[Image here]]
6. Aircraft or Vehicles, meaning only physical contact of an aircraft, a spacecraft, a self-propelled missile, a vehicle or an object thrown up by a vehicle with the described property or with the building or structure containing the described property. This cause of loss includes loss or damage by objects falling from aircraft.
(Emphasis added). The policy does not define the term “vehicle.”
Barcelona submitted a property damage claim to Nova. In declining the claim, Nova sent Barcelona a letter stating that “the policy provides basic named peril coverage [and that] [t]he loss, as submitted, does not satisfy the criteria for the applicable perils under the policy.” Barcelona sued Nova, seeking damages for Nova’s breach of the policy. Nova filed its amended answer, asserting affirmative defenses and counterclaims for declarations that the loss was not within the policy definition of “covered causes of loss” and that the property damaged was not “covered property.”
Nova filed a motion for summary judgment, arguing, inter alia, that there was no coverage because the damage from the excavator that allegedly struck the building does not fall within the definition of covered cause of loss. At the hearing, the trial court directed the parties to submit memoranda of law, addressing whether the excavator was a “vehicle” under the policy. The trial court granted summary judgment, stating that “the Motion for Final Summary Judgment is hereby granted on the basis that the Komatsu excavation machine is not a ‘vehicle’ and, therefore, not a named peril.” The trial court denied Barcelona’s motion for reconsideration, entered final summary judgment in favor of Nova, and dismissed the amended complaint with prejudice.
On appeal, Barcelona contends that an application of the dictionary definition of the term “vehicle” and consideration of the entire policy demonstrate that the excavator is a “vehicle” and that the damages were caused by a named peril under the policy. For the following reasons, we agree.
II. ANALYSIS
This Court’s review of the trial court’s entry of summary judgment is de novo. See Nova Cas. Co. v. Willis, 39 So.3d 434, 436 (Fla. 3d DCA 2010), review denied, 51 So.3d 466 (Fla.2010). In addition, “a question of insurance policy interpretation, which is a question of law, [is also] subject to de novo review.” Penzer v. Transp. Ins. Co., 29 So.3d 1000, 1005 (Fla.2010)
“When the language of an insurance policy is clear and unambiguous, a court must interpret it according to its plain meaning, giving effect to the policy as it was written.” E. Fla. Hauling, Inc. v. Lexington Ins. Co., 913 So.2d 673, 676 (Fla. 3d DCA 2005); see also Nova Cas. Co., 39 So.3d at 436. The failure to define a term involving coverage does not necessarily render the term ambiguous. See Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 166 (Fla.2003). Instead, when an insurance coverage term is *231 not defined, the term should be given its plain and ordinary meaning. See State Farm Fire & Cas. Co. v. Metro. Dade Cnty., 639 So.2d 63, 66 (Fla. 3d DCA 1994); see also Watson v. Prudential Prop. & Cas. Ins. Co., 696 So.2d 394, 396 (Fla. 3d DCA 1997).
Moreover, “in construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.” Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000) (holding that the court “must read [the pertinent] clause in conjunction with the entire policy, including the ... coverage provision and the policy declarations”); see also § 627.419(1), Fla. Stat. (2010); State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1075 (Fla.1998); Nat’l Union Fire Ins. Co. of Pittsburgh, Pa. v. Underwriters at Lloyd’s, London, 971 So.2d 885, 888 (Fla. 3d DCA 2007).
Because the policy at issue does not define the term “vehicle,” “the first step towards discerning the plain meaning of the phrase is to ‘consult references [that are] commonly relied upon to supply the accepted meaning of [the] words.’ ” Penzer, 29 So.3d at 1005 (quoting Garcia v. Fed. Ins. Co., 969 So.2d 288, 292 (Fla.2007) (applying definitions in Webster’s Third New Int’l Dictionary)). Indeed, “[i]n construing terms appearing in insurance policies, Florida courts commonly adopt the plain meaning of words contained in legal and non-legal dictionaries.” Watson, 696 So.2d at 396 (quoting Brill v. Indianapolis Life Ins. Co., 784 F.2d 1511, 1513 (11th Cir.1986) (citation omitted)).
The plain and ordinary meaning of “vehicle” includes “a means of carrying or transporting something: conveyance: as ... a piece of mechanized equipment <tractors and farm EBs ... > ctanks, half-tracks and other combat EBs ... >.” Webster’s Third New Int’l Dictionary 2538 (1986) (emphasis added). Here, the broad definition of “vehicle” encompasses an excavator. See 10 Couch on Insurance § 142:7 Vehicle (2010) (“The term ‘vehicle’ is generally given a liberal or broad construction in determining the coverage of a policy.”). The excavator is “mechanized equipment” that may be a means of transporting or carrying the operator, the bucket and the removed material; the excavator is driven by a person who rides on the machine and operates the excavator as it is driven on the job-site (or across a parking lot, as conceded by Nova’s counsel at oral argument) and moves the material it digs up from one place to another. Although the excavator may not travel great distances or at a high speed, the definition of “vehicle” does not require carrying or transporting over a certain distance or at a certain speed, nor does it require that the equipment must be able to travel on a roadway or have wheels. See Cincinnati Ins. Co. v. German St. Vincent Orphan Ass’n, 54 S.W.3d 661 (Mo.Ct.App.2001) (holding that floor scraper is a “vehicle” under specified cause of loss provision of commercial property policy, stating that “there is no question that this ‘ride-on unit’ served as ⅛ means of ... transporting’ the operator while the machine, under his direction, functioned to remove the vinyl flooring” (quoting Webster’s Third New Int’l Dictionary definition of “vehicle”) (emphasis added)); Osborne v. Am. Ins. Co., 37 Pa. D. & C.2d 402, 403 (Pa.Com.Pl.1965) (holding that caterpillar tractor bulldozer is a “vehicle,” under homeowner’s policy, stating that “[t]he fact that a bulldozer moves on caterpillar treads instead of on wheels and bears an earth-moving blade in front does not prevent it from coming within the words of [Webster’s Collegiate Dictionary ] definition of' [vehicle]”). See generally John D. Perovieh, *232 Annotation, “Vehicle” or “Land Vehicle” within Meaning of Insurance Policy Provision Defining Risks Covered or Excepted, 65 A.L.R.3d 824 (originally published in 1975). The trial court therefore erred in concluding that the term “vehicle” does not include an excavator.
Furthermore, the use of the term “vehicle” in the definitions section of the policy provides additional support for this Court’s conclusion that an excavator is a vehicle. Specifically, the policy declarations page lists several endorsements labeled “Common forms that apply to all coverage parts.” “[A]ll coverage parts” necessarily includes the policy part that provides for commercial property coverage as stated in the “Causes of Loss — Basic Form.” One of the applicable endorsements contains a definitions section that defines “Mobile Equipment” as follows:
“Mobile equipment” means any of the following types of land vehicles, including any attached machinery or equipment:
a. Bulldozers ... and other vehicles designed for use principally off public roads;
[[Image here]]
c. Vehicles that travel on crawler treads;
d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:
(1) Power cranes, shovels, loaders, diggers or drills; or
(2) Road construction or resurfacing equipment such as graders, scrapers or rollers:
[[Image here]]
f. Vehicles not described in a., b., c., or d. above maintained primarily for purposes other than the transportation of persons or cargo.
(Emphasis added).
Thus, the definition of “mobile equipment” includes “vehicles” that are maintained primarily to provide mobility to permanently mounted shovels and diggers, i e. excavators. See Bethel v. Sec. Nat’l Ins. Co., 949 So.2d 219, 222 (Fla. 3d DCA 2006) (“When an insurer fails to define a term in a policy, the insurer cannot take the position that there should be a narrow, restrictive interpretation of the coverage provided.”); Abreu v. Lloyd’s, London, 877 So.2d 834, 836 (Fla. 3d DCA 2004) (same). Accordingly, because an excavator falls within this definition of “mobile equipment,” and the policy uses the term “vehicle” to describe it, this provision supports a conclusion that the excavator is a “vehicle” under the policy. Moreover, nothing in the policy indicates that a “vehicle” is excluded from coverage because it also falls within the definition of “mobile equipment.”
Applying the plain meaning analysis to the policy provision under the facts of this case, we hold that the trial court erred in concluding that the excavator is not a “vehicle” under the policy, and therefore not a named peril. Accordingly, the final summary judgment in Nova’s favor must be reversed and the case remanded for further proceedings.
Reversed and remanded.

. The amended complaint states that "a contractor for the City of Miami Beach was operating a vehicle and was undertaking excavation next to the property of Plaintiff and [i]n that process, the contractor caused the vehi *230 cle to come into contact with the foundations of the hotel owned by Plaintiff.”