MONACO, TOBY S., Associate Judge.
 

 Appellant, Wilshire Insurance Company (Wilshire), appeals a declaratory judgment which determined the existence of insurance coverage in favor of appellee, Birch Crest Apartments, Inc. (Birch), as assign-ee of Wilshire’s insured under a Coblentz
 
 [1]
 
 agreement. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A);
 
 Canal Ins. Co. v. Reed,
 
 666 So.2d 888 (Fla.1996). Because the record below affirmatively demonstrates that coverage does not exist, we reverse.
 

 Wilshire’s insured, H & H Commercial Painting Company (H & H), performed painting work for Birch on its apartments. In the process, H & H spattered paint on some glass doors and windows. H & H then proceeded to perform work on the glass surfaces to remove the paint spatter and in so doing allegedly damaged them. Birch sued H & H in a separate lawsuit which was settled by consent judgment. The settlement included an assignment to Birch of H & H’s rights against Wilshire. Birch then brought this four-count suit against Wilshire for breach of contract, common law bad faith, statutory bad faith, and declaratory judgment. Both parties moved for summary judgment on coverage. Wilshire asserted that certain policy exclusions precluded coverage for the underlying claims. Birch argued that the policy exclusions did not apply. The trial court denied Wilshire’s motion, but granted Birch’s, declaring that coverage existed
 
 *976
 
 under Wilshire’s policy with H & H. From that judgment, Wilshire appeals.
 

 The commercial general liability policy issued by Wilshire to H & H contains exclusions upon which Wilshire relies for its position that there is no coverage for the underlying claim. These provisions exclude damage to:
 

 (5) That particular part of real property on which you ... are performing operations, if the “property damage” arises out of those operations; or
 

 (6) That particular part of any property that must be restored, repaired or replaced because “your work” was incorrectly performed on it.
 

 Both parties cite case law construing this exclusion.
 
 American Equity Insurance Co. v. Van Ginhoven,
 
 788 So.2d 388 (Fla. 5th DCA 2001), involved a pool contractor who was initially hired to do spot repairs, cleaning, and tile replacement on a swimming pool. When the contractor drained the pool, it popped out of the ground causing damage to the pool and to adjacent property including the pool pump, heater, deck, and screen and to the surrounding landscape and irrigation system. The homeowner sued the contractor for damages caused by this occurrence. The contractor’s insurance company conceded coverage for everything except the pool itself, but the homeowner claimed coverage for the entire pool because the contractor was contracted to “perform work” on only specified pool areas and tiles, not the whole pool. The insurer filed a declaratory judgment action against its insured which resulted in a determination that the insurance policy covered the entire loss including replacement of the swimming pool. On appeal, the trial court was reversed. The appellate court, recognizing that the contractor was in fact performing work on the pool when the mishap occurred and that the natural and intended scope of the work would include this activity, found the homeowner’s position untenable and held that damage to the pool was excluded under the clear and unambiguous provisions of the policy.
 
 Id.
 
 at 391.
 

 Like in
 
 American Equity,
 
 the record here shows that cleaning paint spatter from windows and doors was within the natural and intended scope of work undertaken by the contractor as part of the painting operations on Birch’s property if in fact such paint spatter occurred. The circumstances are not like those in
 
 Nova Casualty Co. v. Willis,
 
 39 So.3d 434 (Fla. 3d DCA 2010), upon which Birch relies.
 
 Nova
 
 involved a contractor who undertook to trim mangrove trees on an owner’s property. The contractor not only incorrectly trimmed the homeowner’s trees, but departed from the scope of operations by trespassing onto adjacent property and trimming trees that did not belong to the homeowner. The appellate court affirmed the trial court’s determination that coverage applied to damage done to the adjacent property, but not damage done to the homeowner’s property where the work was being performed. The contractor’s “operations” were not intended to and would not normally include trimming trees on adjacent property and damages done to the adjacent property were not subject to the coverage exclusion.
 

 Here, unlike
 
 Nova,
 
 the scope of the contractor’s operations were intended to include the apartments which were being painted and would, if required, involve cleaning up surfaces which were spattered with paint. There is no genuine issue of material fact that the property damage in this case was to the apartment upon which H & H was performing its operations, and that it arose out of the insured’s operations within the meaning of exclusion (j)(5). Additionally, there is no genuine issue of material fact that the underlying claim resulted from the insured’s incorrect work
 
 *977
 
 on the glass doors and windows of the apartments within the meaning of exclusion Cj)(6). Thus, it was error to conclude that coverage existed under the undisputed facts of this case.
 

 Reversed and remanded for entry of declaratory judgment in Wilshire’s favor.
 

 MAY, C.J., and WARNER, J., concur.
 

 [1]
 

 .
 
 Coblentz v. Amer. Surety Co. of N.Y.,
 
 416 F.2d 1059 (5th Cir. 1969).