DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GENE DODGE** and **KATHLEEN DODGE,**
Appellants,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D20-1199

[June 2, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. CACE-18-017062.

Mark A. Nation of The Nation Law Firm, LLP, Longwood, for appellants.

Mark D. Tinker of Cole, Scott & Kissane, P.A., Tampa, and Brett Frankel, Jonathan Sabghir, and Jake A. Tover, Deerfield Beach, for appellee.

KUNTZ, J.

Gene and Kathleen Dodge appeal the circuit court's summary judgment order limiting People's Trust Insurance Company's liability for water damage to $10,000 under the parties' homeowner's insurance policy. We affirm.

Water overflow from the Dodges' plumbing system caused damage to their home. The parties agree that the Dodges' loss resulted from the deterioration of cast iron pipes under the home because of "rust or other corrosion." People's Trust accepted coverage for the loss but explained to the Dodges that the policy limited coverage to $10,000. The Dodges disagreed and sued for breach of contract.

The issue in this appeal is whether the policy limits coverage to $10,000. The answer depends on the definition of the term "act of nature" in the homeowner's insurance policy. So, we first discuss the language of that policy.

The policy's exclusions section stated that it did "not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss . . . ." One excluded clause that followed was "Water."

An endorsement to the policy, the Water Damage Exclusion endorsement, defines "Water." as:

> e. Discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance; . . .
>
> caused by or resulting from human or animal forces or any act of nature.

Finally, the Limited Water Damage Coverage endorsement provided coverage—subject to a $10,000 sub-limit—for the following losses:

> Sudden and accidental direct physical loss to covered property by discharge or overflow of water or steam from within a plumbing, heating, air conditioning, or automatic fire protective sprinkler system or from within a household appliance.
>
> **LIMIT OF LIABILITY:**
>
> The Property Coverage limit for liability for all covered property provided by this endorsement is shown on "your" Declaration Page, per occurrence.
>
> This coverage does not increase the Property Coverage limit(s) of liability that apply to the damaged covered property.
>
> All other provisions of your policy that are not affected by this endorsement remain unchanged.

The parties agree that water damage resulting from "rust or other corrosion" caused the Dodges' loss. But the Water Damage Exclusion endorsement excludes coverage for water damage "caused by or resulting from human or animal forces or any act of nature." Therefore, if the "rust or other corrosion" that caused this loss was an "act of nature," People's Trust correctly limited coverage to $10,000. But, if the "rust or other corrosion" was not an "act of nature," neither the Water Damage Exclusion

2

endorsement nor the Limited Water Damage Coverage endorsement's $10,000 sub-limit applied.

Of course, "[w]e begin with the guiding principle that insurance contracts are construed in accordance with 'the plain language of the polic[y] as bargained for by the parties.'" *Fayad v. Clarendon Nat'l Ins. Co.*, 899 So. 2d 1082, 1086 (Fla. 2005) (quoting *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 33 (Fla. 2000)).

The phrase "act of nature" is not defined in the insurance policy. "[T]he first step towards discerning the plain meaning of the phrase is to 'consult references [that are] commonly relied upon to supply the accepted meaning of [the] words.'" *Penzer v. Transp. Ins. Co.*, 29 So. 3d 1000, 1005 (Fla. 2010) (alterations in original) (quoting *Garcia v. Fed. Ins. Co.*, 969 So. 2d 288, 292 (Fla. 2007)). To do so, "Florida courts commonly adopt the plain meaning of words contained in legal and non-legal dictionaries." *Barcelona Hotel, LLC v. Nova Cas. Co.*, 57 So. 3d 228, 231 (Fla. 3d DCA 2011) (internal quotation marks and citation omitted).

The Dodges argue the phrase "act of nature" is only triggered if some singular act or external force occurs. They also argue that the phrase "act of nature" is synonymous with the phrase "act of God." The Dodges rely on a Florida circuit court decision in which the circuit judge cited Black's Law Dictionary to find the two phrases synonymous. *Mitchell v. People's Tr. Ins. Co.*, No. 19000514CA, 2020 WL 863675, at *1 (Fla. 12th Cir. Ct. Jan. 30, 2020). Black's Law Dictionary defines the term "act of God" as:

> [A]n overwhelming, unpreventable event caused exclusively by forces of nature, such as an earthquake, flood, or tornado. The definition has been statutorily broadened to include all natural phenomena that are exceptional, inevitable, and irresistible, the effects of which could not be prevented or avoided by the exercise of due care or foresight. 42 USCA § 9601(1). – Also termed act of nature . . . .

*Act of God*, Black's Law Dictionary (11th ed. 2019). The circuit court in *Mitchell* relied on this definition and held: "Unlike an act of nature, which is an exceptional, unpreventable event, wear and tear, corrosion and deterioration, are not exceptional events, but rather, they are ordinary and expected processes that result from reasonable use of the plumbing system over time." *Mitchell*, 2020 WL 863675, at *3. In other words, the Dodges argue that the *Mitchell* decision suggests that the corrosion to the plumbing system was not due to an "exceptional, unpreventable event." If

3

the Dodges are correct, the cause of their loss did not trigger application of the Water Damage Exclusion endorsement.

But as the circuit court noted, we understand insurance policy terms in their ordinary sense. We agree with People's Trust that the ordinary meaning of the term "act of nature" is something that naturally occurs. *See, e.g., Holben v. GC Acquisition Corp.*, No. 1996CA00261, 1997 WL 115843, at *2 (Ohio Ct. App. Mar. 3, 1997) ("The natural accumulation of ice and snow is one which accumulates as a result of an act of nature as opposed to an unnatural accumulation that results from an act of a person."); *Coyle v. City of Waterbury*, No. 096884, 1991 WL 270291, at *1 (Conn. Super. Ct. Dec. 8, 1991) (refusing to hold that growth of a tree root planted on land abutting the sidewalk is an affirmative act of the landowner because "[t]he growth of the tree, root and all, is an act of nature over which the landowner has no control"). Therefore, the everyday interpretation of the phrase "act of nature" is not as narrow or technical as the Dodges propose.

Non-legal dictionaries do not specifically define the phrase "act of nature." But *Merriam-Webster's Collegiate Dictionary* defines "act" as "the doing of a thing . . . a state of real existence rather than possibility . . . ." *Act*, Merriam-Webster's Collegiate Dictionary (Merriam-Webster, Inc., 11th ed. 2003). Similarly, *The American Heritage Dictionary of the English Language* defines "act" in relevant part as: "The process of doing or performing something." *Act*, The American Heritage Dictionary of the English Language (5th ed. 2011). *Merriam-Webster* defines "nature" as "the inherent character or basic constitution of a person or thing . . . ." *Nature*, Merriam-Webster's Collegiate Dictionary (Merriam-Webster, Inc., 11th ed. 2003). And, of the various definitions of "nature" in American Heritage, one is most relevant here: "The set of inherent characteristics or properties that distinguish something." *Nature*, The American Heritage Dictionary of the English Language (5th ed. 2011).

Using these definitions, "act" and "nature" can be reasonably interpreted to define the everyday meaning of "act of nature" as "the doing of the inherent character of a thing." *See* Antonin Scalia & Bryan A. Garner, *A Note on the Use of Dictionaries*, 16 Green Bag 2d 419 (2013) (explaining that a comparative analysis of dictionary definitions is preferred to arrive at the "all-important element" of a disputed word or term).

Rust and corrosion fit within this definition of "act of nature." "Rust" is defined as the "reddish brittle coating formed on iron especially when chemically attacked by moist air . . . ." *Rust*, Merriam-Webster's Collegiate

Dictionary (Merriam-Webster, Inc., 11th ed. 2003); *see also Rust*, The American Heritage Dictionary of the English Language (5th ed. 2011) ("[a]ny of various metallic coatings, especially oxides, formed by corrosion."). And "corrosion" is defined as "the action, process, or effect of corroding," which is "to wear away gradually by chemical action." *Corrosion*, Merriam-Webster's Collegiate Dictionary (Merriam-Webster, Inc., 11th ed. 2003). Rust is a form of corrosion because it is the product of a chemical reaction between iron and moist air. And corrosion is an "act of nature" because it is the doing by chemical action of the inherent character of a thing—the wearing away of iron by moist air.

We conclude that the phrase "act of nature" does not require an uncontrollable or unpreventable event. The phrase excludes damage caused by an act of nature or natural forces. *See, e.g.*, *Erie Ins. Prop. and Cas. Co. v. Chaber*, 801 S.E.2d 207, 213 (W.Va. 2017) ("A provision in an insurance policy excluding a loss regardless of whether such loss is 'caused by an act of nature' is not ambiguous and excludes coverage for the loss . . . caused by . . . a naturally-occurring event."). Here, the loss was caused by rust or corrosion. Corrosion, the chemical reaction between iron and moist air, is an act of nature or a naturally occurring force. Thus, the rust or corrosion occurred because of a natural act. As a result, the Water Damage Exclusion endorsement applied to this loss, limiting coverage for the Dodges' loss to $10,000. Therefore, the circuit court properly granted summary judgment to People's Trust.

*Affirmed.*

MAY and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**