# Third District Court of Appeal

## State of Florida

Opinion filed December 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-713
Lower Tribunal No. 17-2596 CC
_____

**Pro-Medics Therapy & Rehab Center LLC a/a/o Isel Suarez,**
Appellant,

vs.

**United Automobile Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Stuart B. Yanofsky, P.A., and Stuart B. Yanofsky (Plantation), for appellant.

Michael J. Neimand, for appellee.

Before LOGUE, HENDON and LOBREE, JJ.

LOGUE, J.

Pro-Medics Therapy & Rehab Center LLC, as assignee of Isel Suarez, appeals a final summary judgment in favor of United Automobile Insurance Company determining that Suarez was not covered under the insurance policy. Because Suarez qualifies as a co-insured, we reverse.

**Background**

In this county court action, Pro-Medics sought to recover personal injury protection benefits from United Auto for the medical services and treatment rendered to Isel Suarez following a car accident in June 2012. Pro-Medics alleged that there was an active insurance policy on the date of the accident and that Suarez was listed either as an additional insured or a named insured under the policy. United Auto denied that there was an active insurance policy covering Suarez.

United Auto moved for summary judgment asserting that Suarez was not a resident relative of the named insured, Alberto Guerra, and that the vehicle involved in the accident was neither listed on the policy nor owned by Guerra. The summary judgment evidence included a copy of the policy declarations page for the period from March 3, 2012 to March 3, 2013, which listed Guerra as the "principal" and Suarez as "co-insured." In a separate endorsements page, Suarez also appeared listed as the spouse of Guerra. The depositions of Guerra and Suarez in the record reveal that they were

2

not married to each other and are in fact married to other persons but are separated from their respective spouses.

The trial court heard argument on February 5, 2021. United Auto asserted that there was no coverage because Suarez was not a resident relative of the named insured, and the vehicle involved in the accident was not insured under the policy. Pro-Medics countered that the policy declarations page listed Suarez as "co-insured" which was not defined in the policy. The trial court granted United Auto's motion in an unelaborated order and entered final judgment in its favor. This appeal followed.

**Analysis**

Our review of a trial court's entry of summary judgment is de novo. Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1035 (Fla. 3d DCA 2019). Similarly, "a question of insurance policy interpretation, which is a question of law, is also subject to de novo review." Barcelona Hotel, LLC v. Nova Cas. Co., 57 So. 3d 228, 230–31 (Fla. 3d DCA 2011) (quoting Penzer v. Transp. Ins. Co., 29 So. 3d 1000, 1005 (Fla. 2010)).

The main issue in this appeal is whether Suarez is covered under the subject insurance policy. We agree with United Auto that Suarez is not a

"resident relative" as that term is defined in the policy.[1] However, the undisputed evidence shows that the declarations page includes Suarez as a "co-insured" under the policy.

"[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000). "The failure to define a term involving coverage does not necessarily render the term ambiguous. Instead, when an insurance coverage term is not defined, the term should be given its plain and ordinary meaning." Barcelona, 57 So. 3d at 230–31 (citing Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 166 (Fla. 2003)).

Because the term "co-insured" is not defined in the policy at issue, we must first ascertain its plain meaning. Id. at 231 ("The first step towards discerning the plain meaning of the phrase is to 'consult references that are commonly relied upon to supply the accepted meaning of the words.'"

---

[1] Under the policy, "resident relative" means "a person related to the named insured by blood, marriage or adoption" and "who resides with the named insured." It is undisputed that Suarez and Guerra resided together but are not related by blood or marriage. The record also shows that Suarez and Guerra went together to obtain the policy at issue and that they maintained that the insurance agent understood they were not legally married. For whatever reason, United Auto did not raise a concealment or fraud defense during the litigation or void the policy after learning that Suarez and Guerra were in fact not married to each other.

4

(cleaned up) (quoting Penzer, 29 So. 3d at 1005)). Indeed, "in construing terms appearing in insurance policies, Florida courts commonly adopt the plain meaning of words contained in legal and non-legal dictionaries." Id. (citation omitted).

The prefix "co-" generally means "together with" or "joint." Bryan A. Garner, Garner's Dictionary of Legal Usage 166 (3d ed. 2011); see also Black's Law Dictionary 312 (10th ed. 2014) (defining the prefix "co-" as "jointly or together with"). The term "insured" is generally defined as "someone who is covered or protected by an insurance policy." Black's Law Dictionary 928 (10th ed.). Thus, the term "co-insured" generally refers to a person who is together with the insured who is covered by an insurance policy. See, e.g., Transamerica Leasing, Inc. v. Inst. of London Underwriters, 267 F.3d 1303, 1307 (11th Cir. 2001) ("A coinsured party under an insurance policy has all the rights afforded to the named assured and can recover under the policy under its own right.").

Accordingly, Suarez's inclusion as "co-insured" entitles her to coverage under the policy. This interpretation of "co-insured" conforms to Florida's well-established precedent that "[i]nsurance policies must be construed against the insurance company and in favor of the insured and insurance coverage." Bethel v. Sec. Nat'l Ins. Co., 949 So. 2d 219, 222–23 (Fla. 3d

DCA 2006) ("When an insurer fails to define a term in the policy, the insurer cannot take the position that there should be a narrow, restrictive interpretation of the coverage provided." (citing State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1076 (Fla. 1998))); see also Taurus Holdings, Inc. v. U.S. Fid. and Guar. Co., 913 So. 2d 528, 532 (Fla. 2005) ("Under Florida law, insurance contracts are construed according to their plain meaning. Ambiguities are construed against the insurer and in favor of coverage."). Moreover, in the policy at issue, a "named insured" is defined as "the person . . . named in the Declarations of the Policy." Suarez is named in the policy declarations page. Thus, under both the plain meaning of "co-insured" and the policy's definition of "named insured," Suarez is covered under the policy.

In sum, under the plain meaning analysis of the term "co-insured" next to the claimant's name in the declarations page of the insurance policy, we hold that Suarez was covered under the policy. Accordingly, we reverse the final judgment for United Auto and remand for further proceedings consistent with this opinion.

Reversed and remanded.